# Wetmore *v.* The State.

### *Indictment for Gaming.*

1. *Games "played with dice."*—Backgammon, as usually played, though dice are employed, is not a "game played with dice" within the prohibition of the statute against gaming (Rev. Code, § 3620).

2. *Rule of construction of statutes.*—Contemporary construction, and official usage for a long period of time, by the persons charged with the administration of the law, are among the legitimate aids in the interpretation of statutes.

FROM from the Circuit Court of Sumter.

Tried before the Hon. LUTHER R. SMITH.

The defendant in this case was indicted under the statute against gaming (Rev. Code, § 3620), the indictment being in the general form authorized by law; and he was convicted, under the charge of the court, on proof that he had, within the time covered by the indictment, played a game of backgammon at a railway station in the county. The charge of the court, to which an exception was reserved, is now assigned as error.

R. CHAPMAN, Jr., W. G. LITTLE, Jr., and SNEDICOR & COCKRELL, for the defendant.

[Wetmore v. The State.]

Jno. W. A. Sanford, Attorney-General, and R. H. Clark, for the State.

STONE, J.—The act "to prevent the evil practice of gaming," approved February 4, 1807, made it a penal offense to "play at any tavern, inn, store for the retailing of spirituous liquors, or in any other public house, or in any street, highway, or in any other open place, at any game or games, with cards or dice."—Toulmin's Laws of Ala. 376. The "act to revive in part a certain act therein specified," approved January 15, 1828 (Pamph. Acts, 73), declared that "any person, who shall hereafter play at any tavern, inn, store, house for retailing spirituous liquors, or any other public house, or in any street or highway, or in any other public place, or in any out-house where people resort, at any game or games with cards or dice," was guilty of a misdemeanor; and provided a punishment therefor. It further provided, that "it shall be sufficient for the indictment to charge, that the person or persons offending did play at cards, or dice (as the case may be), in some of the places above specified, without stating what description of game, or without stating that money or any other thing was bet upon said game; and upon making proof of the charge herein required, it shall be considered that the offense is made out, without proving what the game was or is called, or without proving that anything was bet upon the event of such game or games." Thus the law has stood, without any material change affecting the merits of this case, to the present time.—Revised Code, § § 3620, 4134.

The defendant was indicted in the usual form, under section 3620, supra.—See Form 27, Rev. Code, 810. The testimony was, that he played the game called "backgammon," using dice to determine the extent of the moves, and that nothing was bet on the result of the game. The place being public, the question arises, was this a playing at a game with dice, within the meaning of the statute? Is backgammon one of the games prohibited?

In the American Cyclopædia, it is said, this game is "played with dice and thirty pieces, called men, upon a board or table, peculiarly marked." The derivation of the name is not satisfactorily settled. Three agencies are employed in the game : the table, the men, and the dice, or some other instrumentality to determine the chances. It is a game not much dependent on chance, but depends largely on the skill of the player. The dice are employed as a convenient mode of determining who shall first move, and, afterwards, of designating the number of points in the table each player shall

alternately be entitled to move his men, on their journey to the home table. The table, and the pieces, or men, are indispensable agencies. The dice may be dispensed with. Any agency which will indicate, by chance, one of each of two series of numbers from 1 to 6, will supply the place of the dice; and a game thus played will be backgammon, as much so as if dice had been employed. In backgammon, the dice do not determine the result of the game. That is determined by the moves of the men by the opposing players; and, as we have said above, this is brought about much more by the skill of the contestants, than by the accidental fall of the dice.

In the case of *Jones v. The State* (26 Ala. 155), the parties were indicted for playing at a game with dice, at a storehouse for the retailing of spirituous liquors. The proof was, that each party put up money, and they threw dice for it, the one throwing the highest number to take the money. It was shown that the game was conducted precisely as a raffle for property; and for the defendant it was contended, that this did not constitute a *game with dice*, but only a raffle, which was not within the statute. This court said: "The court charged that, if the jury believed the evidence, the defendant was guilty; and such is our opinion. It was a game played with dice, in the strictest sense of the term, and, although conducted on the principles of a raffle, it was not the latter. A raffle, it is true, is a game usually played with dice; but in this, property, or something of value, is put up as the thing to be raffled for, the owner receiving the value in the sale of chances. Here, the parties bet money upon throwing the dice, which money is to be won by the party throwing the highest number."

This case is an authority for two propositions; first, that when the throw of the dice determines the result of the game, between parties who bet on the result, this is, in the strictest sense of the term, a game played with dice; and, second,.dice may be employed as an agency, in determining the chances—such as are resorted to in raffles—and yet, not offend the statute against playing at a game with dice. A raffle is much more nearly a game played with dice, than is the game called backgammon.

Another view: The substance of the statute under which this indictment was found, has been the law of the Territory and State of Alabama for over seventy years. A vast number of indictments, found under it, have been tried, and many of them have reached this court for final determination. We have never before known, or heard, of an indictment in this State for playing at a game of backgammon. This notorious

[Grant v. The State.]

fact is strongly conducive to show that, during that long period, the authorities of the State, charged with the administration of the law, have not regarded backgammon as within the prohibition of the statute. Contemporary construction, and official usage for so long a time, are among the legitimate aids in the interpretation of statutes.—*Gardner v. Collins*, 2 Peters, 85 ; Sedg. Cons. and Stat. Construction, 212.

We hold that backgammon is not a game *played with dice*, within the purview and meaning of the statute. The charge of the Circuit Court was in conflict with these views, and the judgment of conviction must be reversed. We consider it unnecessary to remand this cause, as, under the proof, the defendant cannot be convicted.

Judgment of Circuit Court reversed, and defendant discharged.