(102 So. 626)

## STATE BOARD OF ADMINISTRATION v. JONES. (3 Div. 688.)

(Supreme Court of Alabama. Dec. 18, 1924. Rehearing Denied Jan. 22, 1925.)

1. Prisons ⟨⟩15—Convict sentenced for two years for each of six offenses, sentences to run cumulatively, not entitled to allowance for good behavior based on single continuous sentence.

In view of Code 1923, § 3615, convict, sentenced to penitentiary for 2 years on each of six charges, several sentences to be served serially and cumulatively, was not entitled to allowance for good behavior, under Code 1923, § 5131, based on single continuous sentence of 12 years.

2. Statutes ⟨⟩219—Departmental construction of statutes is not controlling.

Departmental construction of statutes, however long continued, is not controlling, but merely an aid to courts in cases otherwise doubtful.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Petition of Ben Jones for mandamus to the State Board of Administration. From a judgment awarding the writ, respondent appeals. Reversed and rendered.

Harwell G. Davis, Atty. Gen., for appellant.

The statute providing for reduction of the term of imprisonment for good behavior deals with the sentence, and not sentences. Code 1923, § 5131; Ex parte Clifton, 145 Cal. 186, 78 P. 655.

R. T. Goodwyn and C. P. McIntyre, both of Montgomery, for appellee.

The construction put upon the statute by the departments of the state for a period of 40 years should not be disturbed. U. S. v. Johnston, 124 U. S. 236, 8 S. Ct. 446, 31 L. Ed. 389; Robertson v. Bradbury, 132 U. S. 493, 10 S. Ct. 158, 33 L. Ed. 405.

SOMERVILLE, J. [1] The petitioner, who is a convict in the state prison, seeks by writ of mandamus to compel the state board of administration to certify to the Governor, as contemplated by section 5131 of the Code of 1923, that the conduct of the prisoner has been good during the years of his imprisonment—the purpose being to present to the Governor the true facts upon which his discretionary action may be invoked for the deduction of time from the petitioner's sentences.

Petitioner was convicted on December 12, 1916, in the criminal court of Jefferson county, in six separate cases, on charges of burglary, and in each case was separately sentenced to serve 2 years in the penitentiary, with provision that the several sentences should be served serially and cumulatively as numbered on the docket, each sentence to begin upon the expiration of the sentence preceding.

Petitioner's contention is that for the purpose of making deductions for good conduct, as authorized by the statute, the six 2-year periods for which he was sentenced must be aggregated and treated as a *single continuous sentence* for 12 years, in which event the authorized deductions would have ended his period of confinement on August 12, 1924, and have resulted in his discharge from the penitentiary on that date.

The contention of the respondent, the state board, on the other hand, is that the several sentences are separate and distinct, and cannot be treated as a single term in the aggregate; and that deductions must be made from each separate sentence, as it is served, as though it stood alone, and not progressively as from a single 12-year sentence—the result being that petitioner's period of confinement would be extended to December 12, 1926.

The validity of these respective contentions depends upon the proper construction of section 5131 of the Code of 1923 (section 7514, Code 1907; section 5460, Code 1896), and counsel are agreed that that is the only contested question in the case—the facts being undisputed.

"Good conduct statutes are framed with the intention of improving prison discipline, and have that effect if their enforcement is allowed. The credits are said to be in the nature of a payment or reward by the state to the convict for his good behavior, in order to stimulate him to conform to the rules of the institution and to avoid the commission

of crimes and misdemeanors during his imprisonment. Such statutes are prompted by the highest motives of humanity, and are looked on with favor both by state and Federal Legislatures." 21 R. C. L. 1192, § 26.

The first statute of this character in this state (Clay's Digest, p. 406, § 67), enacted in 1843, declared that it was "for the encouragement of the convicts to conduct themselves with industry and propriety." In construing these statutes this purpose should, of course, have appropriate consideration.

The question before us has not been heretofore considered by this court, and we find only a very few cases in other jurisdictions bearing upon the subject.

The pertinent provision of our statute (section 5131) is:

"Whenever the inspectors of convicts shall report to the Governor that the conduct of any convict in the penitentiary, or at hard labor for the county, has been good during any year or years of his imprisonment, the Governor may, in his discretion, order a portion of the sentence of such convict to be deducted for each year of good conduct as follows. [Here follows the scale of deductions, increasing progressively up to the eighth year.]"

This language, as very clearly appears, is properly applicable only to a *single sentence* of imprisonment, viz., the term which the convict is serving *during the period of his good conduct*. It could not be referable to other successive terms under separate sentences, because at any given time only one term is being served. This view is emphasized by a cognate provision of the Code (section 3615), that "when a convict is sentenced to imprisonment in the penitentiary on two or more convictions, the imprisonment on the second, and on each subsequent conviction, must commence at the expiration of the imprisonment on the preceding conviction." The practical result of petitioner's theory of deductions, when applied to his own case, would be to deduct nothing from the first four terms, and to wipe out the last two terms entirely.

We find only two cases in which cumulative sentences have been held to be continuous for the purpose of making deductions for good conduct, and those were based on the language of the statutes which is different from our own. In re Packer, 18 Colo. 525, 33 P. 578; Ex parte Dalton, 49 Cal. 463. In Colorado the statute expressly stated that separate sentences should be construed as one continuous sentence; and in California the statute provided for deductions as from "the entire term of penal servitude." Following that decision in California, the Legislature amended the statute by striking out the word "entire," and allowed credit commutations simply from the convict's "term."

In the later case, dealing with the amended statute, the court said:

"It is clear that under the language of the original section it was intended to make the successive periods of imprisonment under cumulative sentences continuous for commutation purposes, and it is equally apparent by the subsequent amendment, and also under the present act, that it was intended to leave the terms, as the law leaves them, separate. If the provision of the act of 1889 had been inserted in the original section, instead of the language there employed, there would be no room for contending that a prisoner's terms on cumulative sentences meant for cummutation purposes the 'entire term' of imprisonment to which he had been sentenced, because, in the absence of any language limiting or qualifying the use of the word 'term,' it must be given its legal significance, and, so given, each period of sentence prescribed under cumulative sentences is legally separate and distinct from the other, and there is nothing in common between them upon which such a contention could be sustained. The judicial records upon which such cumulative sentences are based are themselves separate and distinct; the offenses are different, and the convictions and judgments are distinct; the terms of imprisonment thereunder may be different in point of duration, as they are certainly separate in point of commencement, and are enforced under separate commitments; the term of each successive imprisonment commencing at the expiration of the prior term. It was this legal separateness and distinctness between terms of imprisonment under cumulative sentences which the legislature in the original section intended, for the purpose of credit commutation to destroy, and which in clear and comprehensive language it effected, by making the 'penal servitude to which a convict has been sentenced' and 'entire term.' When however, in subsequently dealing with the subject it abandoned the definition of an 'entire term,' which it had theretofore created, and used simply the words 'his term' it certainly intended that the word 'term' should be employed in its legal significance, and to embrace the period solely which a prisoner was actually serving under a given sentence, treated as separate and distinct from any other sentence which, under an equally separate judgment, he would on its expiration be required to serve." Ex parte Clifton, 145 Cal. 186, 78 P. 655.

This language is, we think, pertinent to our own statute (section 5131), and is a clear exposition of the subject. See, also, the editorial notes in 7 L. R. A. (N. S.) 127; and 34 L. R. A. 509, 512.

Counsel for petitioner insists that as for these deductions there is no difference in principle or in policy between a period of imprisonment of 12 years, based upon a single sentence, and a like period of 12 years, based upon six separate sentences of 2 years each, to be served successively; and hence, that the Legislature cannot have reasonably intended to favor the convict serving a single long term over one serving the same period in successive short terms.

This argument is, we think, without merit, since the policy of the law, as well as its justice, might very well deal more leniently

with the convict who has committed a single crime, than with the one who has committed two or half a dozen.

The weightiest consideration in favor of petitioner's case—stressed with much force and zeal by counsel—is found in the practice of the convict department, which, prior, to an advisory opinion from the Attorney General on September 20, 1920, proceeded upon the theory of a single continuous sentence, and allowed progressively increasing deductions, in cases of this sort.

[2] This argument, however, loses some of its force in view of the fact that for the last four years the convict and other state departments have followed a different practice, in consonance with the advice of the Attorney General. Moreover, departmental construction of statutes, however long continued, is not controlling, but merely an aid to courts in cases otherwise doubtful. "Contemporary construction, and official usage [for 70 years there] are among the legitimate aids in the interpretation of statutes." Wetmore v. State, 55 Ala. 198; and, "where the meaning of such laws is doubtful, official and popular interpretation, as exemplified in practice for a number of years, may be given some weight as a factor in their judicial construction." Shepherd v. Sartain, 185 Ala. 439, 456, 64 So. 57, 64. So where the language of the statute is reasonably plain in its meaning, such interpretation and practice will not be accorded the effect of an amendment or repeal, and the legislative intent will be nevertheless declared and enforced as expressed. We do not think that the language of section 5131—including, of course, the same provisions in former Codes —is sufficiently obscure to permit of such an amendment by contemporaneous interpretation or official usage.

It is suggested that the department's adoption of the present practice is unfair in its results because, in fixing the terms of imprisonment during the time of the former practice, courts and juries must have had in mind that practice, and may have made the terms of imprisonment longer in view of their probable reduction by reason of the convict's good conduct. That consideration could in no event be of sufficient weight to affect our conclusion; but it is proper to observe that the fact suggested is of doubtful verity, at least, and, even if it were conceded, this court has declared that the matter of deductions thus available for good conduct is not proper for consideration in fixing the duration of terms of imprisonment. Barddell v. State, 144 Ala. 54, 59, 39 So. 975.

It results from the views above stated that the petitioner is not entitled to the relief sought, and the judgment of the trial court was erroneous. That judgment will therefore be reversed, and one will be here rendered dismissing the petition.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.