77 So.2d 641

**STATE of Alabama**

**v.**

**ROBINSON LAND & LUMBER COMPANY OF ALABAMA, Inc.**

1 Div. 572.

Supreme Court of Alabama.

Nov. 4, 1954.

Rehearing Denied Feb. 10, 1955.

Si Garrett, Atty. Gen., and H. Grady Tiller, Asst. Atty. Gen., for appellant.

Smith, Hand, Arendall & Bedsole, Mobile, for appellee.

CLAYTON, Justice.

This appeal by the state from an adverse ruling on demurrer concerns a certain formula used by the State Department of Revenue for computing corporation income taxes due the state under certain conditions. The question for our determination is whether this formula is in accordance with or runs counter to Section 390 of Title 51, Code of Alabama, 1940, which reads as follows:

"§ 390. Credit for taxes paid on income from sources without the state. —(a) For the purpose of ascertaining the income tax due under the provisions of this chapter, by residents of Alabama whose gross income as defined herein is derived from sources both within and without the State of Alabama, there shall be allowed a credit against the amount of tax found to be due by such resident, on account of income derived from without the State of Alabama, the amount

of income tax actually paid by such resident to any state or territory on account of business transacted or property held without the State of Alabama. (b) In case the amount of tax actually paid by a resident of Alabama to another state or territory is in excess of the amount that would be due on the same income computed on the income tax rate in Alabama, then only such amount as would be due in this state on such taxable income shall be allowed as a credit. (c) If the amount of income tax actually paid by a resident of this state to any other state or territory on account of business transacted or property held, is less than the amount of tax that would be due, as computed on Alabama income tax rates, then the income tax levied herein shall be computed on the entire taxable income from sources from both within and without the state as defined herein, and the tax shall be paid less the credit allowed in this section for tax paid on income derived from without the state. (d) Before a resident of Alabama may claim the credit allowed under this section he shall file with his tax return a certificate showing amount of gross and net income derived from sources without this state together with the amount of tax paid or to be paid on such income. The words 'residents of Alabama' as used in this section shall include corporations organized and existing under the laws of the State of Alabama."

Appellee is an Alabama corporation with operations in Alabama and Mississippi. Its corporation income tax return filed with the State of Alabama for the year 1949 showed an aggregate gross income of $179,243.89, of which $26,780.50 was gross income from operations within the State of Mississippi. After legal and proper deductions, on its Mississippi operations, its net income in that state was $20,656.62. But its aggregate operating or business expenses for the year amounted to $161,889.72, leaving its net earnings or taxable income from all sources for the year to be $17,354.17. The correctness of

the foregoing figures is not questioned on this appeal. Extending these calculations a step further and using round numbers, it is seen that although appellee's net income in Mississippi for the year was $20,000, its aggregate net income for the year in Alabama and Mississippi together was only $17,000, from which, by simple arithmetic, it is apparent that its Alabama operations standing alone showed a net loss of approximately $3,000.

The Mississippi income tax rate on corporations is on a sliding scale, beginning at 1% on the first $4,000 and reaching 5% on the higher brackets. On its net income of $20,656.62 in that state, in the year 1949, appellee actually paid to the State of Mississippi income tax in the amount of $672.83. Appellee, on its income tax return to the State of Alabama for the year 1949, computed the tax at 3% on its aggregate total net income from all sources ($17,354.17) to be $520.63. It, then, computed its net income earned in the State of Mississippi ($20,656.62) at the Alabama tax rate of 3% in accordance with its version of the meaning of subsection (b) of section 390, and obtained the result of $619.70 as a credit against its income tax liability to the State of Alabama for the year. From this appellee determined that no income tax was due the State of Alabama for that year, for the reason that its Alabama income tax computed on its total aggregate net income for the year from all sources was less than the product of its income derived from business transacted in Mississippi multiplied by the Alabama tax rate.

The State Department of Revenue made an assessment against the taxpayer based upon its formula, or rule of thumb, as follows: It computed the taxpayer's income tax at the Alabama rate of 3% upon $17,354.17, the aggregate net income after lawful deductions and expenses, from all sources from within and without the state, and obtained a figure of $520.63. Up to this point its actions coincided with those of the taxpayer, but it then made a further computation whereby it converted taxpayer's gross income in Mississippi

($26,780.50) into a decimal fractional part of the taxpayer's aggregate gross income from all sources ($179,243.89), and obtained the fraction .14941. Multiplying this fraction by the $520.63, obtained above as tax on total net income from all sources, a figure of $77.79 was reached as a maximum allowable credit (on account of income tax paid to the State of Mississippi for the year) to be deducted from the taxpayer's Alabama income tax, based upon aggregate income from all sources. Upon the taxpayer's refusal to accede to this calculation, the State Department of Revenue made a final assessment against it of $442.84 plus interest, this being the remainder after subtracting $77.79 from $520.63. Taxpayer paid this under protest and filed its appeal by bill of complaint with copy of its tax return attached thereto in the Circuit Court of Mobile, in Equity, in accordance with Section 140, Title 51, Code of 1940. The State Department of Revenue, by demurrer, admitted the correctness of all the aforestated figures contained in appellee's tax return, but asserted that its own percentage formula and the assessment based thereon were a correct interpretation and application of Section 390 of Title 51 of the Code. The trial court ruled with the taxpayer and the state appeals.

This is a case of first impression in this jurisdiction.

In its brief filed in this cause, on appeal, the State Department of Revenue argues that in view of the fact that this particular section of our Income Tax Law, here involved, has not heretofore been before our appellate courts for review, the construction of that statute by the State Commissioner of Revenue should be accorded consideration in arriving at our decision in the instant case. And, in support of this proposition, he cites a number of authorities. Dixie Coaches, Inc. v. Ramsden, 238 Ala. 285, 190 So. 92; Birmingham Paper Co. v. Curry, 238 Ala. 138, 190 So. 86; State v. Tuscaloosa Building & Loan Ass'n, 230 Ala. 476, 161 So. 530, 99 A.L.R. 1019; Wetmore v. State, 55 Ala. 198; State v. Board of School Commissioners, 183 Ala. 554, 63 So. 76; Shepherd v. Sartain, 185 Ala. 439, 64 So. 57; State Board of Administration v. Jones, 212 Ala. 380, 102 So. 626; State v. H. M. Hobbie Grocery Co., 225 Ala. 151, 142 So. 46; State ex rel. Fowler v. Stone, 237 Ala. 78, 185 So. 404; Cole v. Gullatt, 241 Ala. 669, 4 So.2d 412; 42 Am.Jur., §§ 77–85, pp. 392–413; 42 Am.Jur., pp. 407, 408.

Appellee's position on the other hand, is that the statute is clear, no ambiguity exists therein; the legislative intent is plain and no occasion arises for any construction other than the usual meaning of the words in the clearly expressed language of the statute. State v. Praetorians, 226 Ala. 259, 146 So. 411; Holt v. Long, 234 Ala. 369, 174 So. 759; Bozeman v. State, 7 Ala.App. 151, 61 So. 604, certiorari denied Ex parte Bozeman, 183 Ala. 91, 63 So. 201; Ex parte Bozeman, 183 Ala. 91, 63 So. 201; Gibbs v. State, 29 Ala.App. 113, 192 So. 514, certiorari denied 238 Ala. 592, 192 So. 515; State v. Tuscaloosa Building & Loan Ass'n, 230 Ala. 476, 161 So. 530, 99 A.L.R. 1019, supra; May v. Head, 210 Ala. 112, 96 So. 869.

As the case is before us on demurrer, no testimony was taken, and no allegations appear in the pleadings in regard to the interpretation or construction given to this section of the statute by the State Commissioner of Revenue, this matter is not before us, as we do not take judicial notice of his decisions. But this aside, the law is clear that " 'When the language as used by the lawmakers is plain, it is the duty of the courts to obey; no discretion is left; and courts should not stray into by-paths or search for reasons outside of the plain letter of the law upon which to rely for the purpose of giving a different meaning or interpretation, for "when the language is plain it should be considered to mean exactly what it says."—State ex rel. Little v. Foster, 130 Ala. [154] 163 (30 So. 477).' " Ex Parte Bozeman, supra [183 Ala. 91, 63 So. 203]; Dixie Coaches, Inc. v. Ramsden, supra; State v. Tuscaloosa Building & Loan Ass'n, supra; State Board of Administration v. Jones, supra.

Argument is made that in view of the fact that much of our Income Tax Law,

including section 390, supra, in part, was taken from the Federal Income Tax Law, we should follow the construction placed on the Federal law by the United States courts. In the case of State v. Flenner, 236 Ala. 228, 181 So. 786, 787, this court, speaking through Knight, J., made the following comment:

"While the construction placed upon a similar provision of the Federal Income Statute, or by the Courts of New York, Massachusetts, Wisconsin and Georgia, upon similar provisions in their respective statutes, are not binding upon this Court, yet the decisions of those courts are justly entitled to weight. Particularly is this true with reference to the decisions of the Supreme Court of the United States, when it is remembered that the Alabama Act was borrowed from the Federal statute, and after the Supreme Court of the United States had passed upon, and construed the same.

"The Legislature of Alabama has deliberately and substantially used in the Acts now before us practically the same language employed in the pertinent provisions by the Congress in adopting the Federal Income Tax law. It was no accidental happening. While this Court will not abdicate its jurisdiction in construing and determining the meaning of an act of its own state legislature, yet this Court recognizes the legislative presumption that obtains here, as well as elsewhere, that, in borrowing an Act of the Legislature of another state, which had received a settled construction in that state before enacted here, it was the purpose of the Legislature in so adopting the statute that the construction placed on the same by the highest court of the state of original enactment should be given the statute, *unless there appears something in the act as enacted here to show a contrary purpose*. We know this rule is not absolute, or controlling, but it is at least persuasive. Alabama Fuel & Iron Co. v. Denson, 208 Ala. 337, 94 So. 311." [Emphasis supplied.]

Likewise, the state cites the California case of Miller v. McColgan, 17 Cal.2d 432, 110 P.2d 419, 134 A.L.R. 1424, as the only case found reported from a court of last resort where the question of credit for income tax paid on income from without the state was involved. The annotations found under that case in A.L.R. are very full and have been helpful in the preparation of the present opinion. Accordingly, we set out here the corresponding section of the California statute for the purposes of differentiation later in this discussion:

Section 25, California Personal Income Tax Act 1935, Statutes 1935, p. 1117.

"Sec. 25. Credit for Taxes Paid Other States by Resident or Nonresident Taxpayers.

"(a) Whenever a resident taxpayer of this State has become liable to income tax to another State or country upon his net income, or any part thereof, for the taxable year, derived from sources without this State, and subject to taxation under this act, the amount of income tax payable by him under this act shall be credited with the amount of income tax so paid by him to such other State or country, *but such credit shall not exceed such proportion of the tax payable under this act as the income subject to tax in such other State or country bears to the taxpayer's entire income upon which the tax is imposed by this act. * * *"* [Emphasis supplied.]

Our first effective income tax law, that of 1933, imposed a tax on incomes beginning with the year 1933 and contained no section corresponding to the present section 390 of Title 51, Code of 1940. The case of State v. Weil, 232 Ala. 578, 584, 585, 168 So. 679, 685, held:

"* * * it seems reasonably clear that the legislative intent was to impose the tax on residents, natural persons, and corporations, within the state's jurisdiction in respect to their entire net incomes, from whatsoever source derived, * * *.

*    *    *    *    *    *

"The interpretation which we have given the act rendered taxable incomes derived by the taxpayer, as a member of the partnership of Weil Brothers, from sales of cotton consummated during the year 1933, outside this state. So, also, from cotton purchased and sold outside of the state by said partnership resident of this state."

▮ Although the decision in the Weil case, supra, was not handed down by this court until 1936, the proceedings began in the early part of 1935. That case probably was responsible in some measure for the incorporation of Section 345.16 in the General Revenue Act of 1935, Gen.Acts 1935, p. 410, appvd. July 10, 1935, now Section 390, Title 51, supra. The last sentence "The words 'residents of Alabama' as used in this section shall include corporations organized and existing under the laws of the State of Alabama" was added by the Code Committee of 1940. Certain it is that before the passage of Section 390, supra, any Alabama taxpayer with income derived from business transacted in another state was required by our 1933 Income Tax Law to pay Alabama income tax on that income regardless of the fact that such taxpayer might have paid income tax on such identical income to the state in which such income was derived. State v. Weil, supra.

▮ Unquestionably the legislative purpose in the adoption of the credit provision in our statute, as well as those in the Federal statute was to relieve the taxpayer of the burden of double taxation. Burnet v. Chicago Portrait Co., 1932, 285 U.S. 1, 52 S.Ct. 275, 76 L.Ed. 587, affirming Commissioner of Internal Revenue v. Chicago Portrait Co., 7 Cir., 1931, 50 F.2d 683, which affirms 1929, 16 B.T.A. 1129; Hubbard v. U. S., 1936, 17 F.Supp. 93, 84 Ct.Cl. 205, writ of certiorari denied in 1937, 300 U.S. 666, 57 S.Ct. 508, 81 L.Ed. 873, 874.

But, in order that payment by a resident taxpayer of taxes paid to another state or country on income derived from transactions within such other state or country might not relieve the taxpayer from payment of domestic taxes on his domestic income, limiting provisions have been added to all the statutes which have come to our attention. In California such limitation is as follows:

"* * * but such credit shall not exceed such proportion of the tax payable under this act as the income subject to tax in such other State or country bears to the taxpayer's entire income upon which the tax is imposed by this act."

Two limitations are contained in the Federal statute, viz.: The credit shall not exceed the same proportion of the tax against which such credit is taken as the taxpayer's net income from sources within such country bears to his entire net income for the same taxable year; and, the credit shall not exceed the same proportion of the tax against which such credit is taken as the taxpayer's net income from sources without the United States bears to his entire net income for the same taxable year.

While the credit provision contained in Section 390, Title 51, supra, is substantially the same as is found in the Federal and California income tax laws, the limitations thereon are greatly different, as will be seen readily from a reading of the quoted parts hereinabove.

▮ Section 390(a), Title 51, supra, standing alone, undoubtedly, grants to the taxpayer for the amount actually paid to another state full credit against his income tax payable to the State of Alabama. The wording "the amount of income tax actually paid by such resident to any state or territory on account of business transacted or property held without the State of Alabama" means paid under the laws of the other state or territory. What deductions for business expenses from the gross income flowing to taxpayer on account of business transacted in such other state, in order to calculate the net taxable income in that state, must necessarily be governed by the applicable statute of that other state. Subsection (b) of Section 390,

152

supra, is the safeguard which prevents loss of income tax revenue by the State of Alabama on business transacted within Alabama by reason of credit under subdivision (a) of Section 390, supra, for payments actually paid to another state at a rate higher than our own on business transacted within such other state. For example, assume that an Alabama corporation has taxable income derived within Alabama of $10,000 and also taxable income of $10,000 on account of business transacted in another state in which the income tax rate is 6%; in the absence of subsection (b), supra, payment of $600 income tax to the other state would deprive Alabama of any income tax revenue on the $10,000 income of the corporation derived within the State of Alabama. This is the reason for subsection (b), Section 390, Title 51, Code of Alabama 1940. For emphasis, subsection (b), supra, is here quoted alone:

"(b) In case the amount of tax actually paid by a resident of Alabama to another state or territory is in excess of the amount that would be due on the same income computed on the income tax rate in Alabama, then only such amount as would be due in this state on such taxable income shall be allowed as a credit."

Reduced to words, the formula which the State Department of Revenue has used as an interpretation and application of subsection (b), Section 390, supra, is:

But such credit shall not exceed such proportion of the tax payable under this act as the gross income of the taxpayer derived in such other state or territory bears to his entire gross income derived from all sources both within and without Alabama.

■ The effect of the application of the State Department of Revenue's formula is to accomplish the very thing which Section 390, supra, was designed to avoid, namely, the imposition of two state income taxes upon one income. Section 390 of the income tax statute contains no such limitation. It is not within the power of the State Department of Revenue to add or take from the statute by administrative construction. 42 Am.Jur. p. 400, § 80. Only the legislative branch of our state government is vested by the Constitution with lawmaking power.

■ The words of this court, speaking through Simpson, J., in State v. Travelers Ins. Co., 256 Ala. 61, 68, 53 So.2d 745, 750, and quoted below, might well be applied to the instant situation:

"But the Department must stay within the confines of the constitutional and statutory mandates. International Paper Co. v. Curry, 243 Ala. 228, 9 So.2d 8; Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446. The basis of this tax act is therein clearly defined * * *. The use of an illusory formula by the Department, which has no tendency to show the amount of this basis, results in an unconstitutional delegation—or more accurately, usurpation—of legislative authority. This would be but allowing the Department to fix its own standards different from those of the statute, * * *. This is not constitutionally permissible. Phenix City v. Alabama Power Co., 239 Ala. 547, 195 So. 894; Panama Refining Co. v. Ryan, supra."

As the Mississippi income tax rate is higher in the present instance than the Alabama rate, no incentive would appear for the taxpayer to charge against its Mississippi operation less than its lawful share of his overhead costs and other business expense, but as the case is before us only on the state's demurrer to the taxpayer's bill of complaint, no question is presented in that regard.

The decree of the circuit court overruling the state's demurrer to appellee's bill of complaint was proper and is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.