313 So.2d 532

**STANDARD OIL COMPANY, a Division of Chevron Oil Co., a California Corporation [formerly Standard Oil Company (Incorporated in Kentucky)]**

v.

**STATE of Alabama.**

**Civ. 526.**

Court of Civil Appeals of Alabama.

March 5, 1975.

Rehearing Denied April 2, 1975.

Harry R. Teel and Robert G. Johnson, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Willard W. Livingston, Counsel, Dept. of Revenue and Asst. Atty. Gen., Herbert I. Burson, Jr., Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen., for the State.

HOLMES, Judge.

The Circuit Court of Montgomery County affirmed an assessment by the State of Alabama of state income taxes due by appellant for the tax year 1967. The amount of the assessment was $9,096.09. Additionally, the circuit court dismissed the appellant's petition for income tax refunds for the years 1965, 1966, and 1967. It is from the above actions by the circuit court that appellant takes this appeal.

Facts pertinent to this appeal reveal that appellant is Chevron Oil Company, successor by merger to Standard Oil Company, and is hereinafter referred to as Kyso. Kyso is a wholly owned subsidiary of Standard Oil of California (hereinafter referred to as Socal). During the years in question Kyso was qualified and did do business in Alabama. Kyso also did business in certain other southern states.

Pursuant to § 1501 et seq., of the Internal Revenue Code 1954, Kyso did not file

income tax forms with the IRS. Instead, Kyso filed an accounting statement with Socal containing all relevant information and showing the amount of taxes Kyso would have had to pay the IRS had it filed with them. Additionally, Kyso sent to Socal a check in the amount that would have been due the IRS, less investment credits.

Socal received these accounting statements from all members of an affiliated group of corporations, including, of course, Kyso. Socal then filed an income tax form as per § 1501 with the IRS on the total amount of income reported to them by the affiliates. Socal was therefore the only entity actually filing with the IRS and was responsible for any income taxes due the IRS. The income tax due the IRS on this total amount as reported to Socal was disposed of by Socal by three means: actual cash payments from Socal to the IRS; foreign tax credits; and investment credits.

Tit. 51, § 398, Code of Ala. (1940), imposes a state income tax on foreign corporations doing business in this state. Foreign corporations are allowed certain deductions by virtue of Tit. 51, § 402(3), Code of Alabama (1940), and also by virtue of Amendment CCXII, Constitution of Alabama.

Based upon its interpretation of the deductions to be allowed a foreign corporation by § 402(3) and Amendment CCXII, appellant claimed the following amounts of deductions for the tax years in question:

1965: $1,086,873;
1966: $1,289,252;
1967: $1,052,637.

The state, however, allowed appellant deductions only for the following amounts:

1965: $876,878.47;
1966: $969,369.49;
1967: $291,336.79.

The issue to be determined by this court, therefore, is the amount of deductions to be allowed Kyso in computing its Alabama state income tax for the years in question.

In determining this issue we are confronted with two inquiries.

The first is to ascertain the mode of computation to be used in determining the amount of federal income taxes "paid or accrued", within the meaning of Amendment CCXII, by appellant for purposes of state income tax deductions.

Briefly stated, appellant contends the correct mode of computation is a percentage of the income tax which would have been due by it as designated on its accounting statement filed with Socal, and thereafter paid to Socal. The state policy, however, is that Kyso should be allowed as a deduction a percentage of the actual amount of cash paid by Socal to the IRS.

The second inquiry confronting us is to ascertain the amount of deduction to be allowed appellant for direct taxes paid this state, other than income tax, as allowed by § 402(3). Appellant contends it should be allowed a full deduction, while the policy of the state is to apportion these taxes paid for purposes of state income tax deduction.

The trial court resolved both of these questions in favor of the state.

I

As previously stated, the state policy in computing the amount of deduction to be allowed appellant for federal income taxes "paid or accrued" is a percentage of the actual amount of cash paid to the IRS by Socal, the only actual filer of a federal income tax form with the IRS.

In determining this amount, Alabama tax officials first determined the amount of income tax actually paid in cash to the Internal Revenue Service by Socal which was attributable to Kyso. They then determined the percent of the income tax attributable to Kyso, which was to be allocated to Alabama. Multiplying these together the state was able to determine the amount

of federal income taxes paid by Kyso which was to be allocated to Alabama.

The basis of this administrative policy is Tit. 51, § 402(13), Code of Ala. (1940), and Regulation 402.2, Income Tax Law and Regulations State of Alabama 1952 and 1960.

Tit. 51, § 402(13), Code of Ala. (1940), reads as follows, in part:

"In the case of foreign corporations doing business in this state the deductions allowed by this section shall only be allowed if and to the extent that they are connected with income arising from sources within the state of Alabama, and the proper apportionment and allocation of deductions with respect to the sources of income within and without the state of Alabama shall be determined under the rules and regulations prescribed by the department of revenue; . . ."

Regulation 402.2, Income Tax Law and Regulations State of Alabama 1952 and 1960, provided that:

"Reg. 402.2 Deductions of foreign corporations. A foreign corporation doing business in Alabama is entitled to the same deductions allowed a domestic corporation, but only to the extent that they are connected with income arising from sources within the State. A corporation having income from multistate operations may apportion its income in accordance with Reg. 398.2, in which case allowable deductions must also be apportioned in the same manner; . . .

"The amount of Federal income tax allocated to Alabama should be determined by the ratio that the net income from sources within Alabama bears to the total net income from all sources as shown by the Federal income tax return. The Federal income tax to be apportioned in this manner is the *tax accrued as shown by the final Federal income and excess profits tax return* of the taxpayer and reduced by any refund allowed and given

during the tax year under the Federal statute. Such refund need not be included in income when apportionment is made in this manner." (Emphasis ours)

Appellant, however, contends that the proper mode of computation is to be determined solely by reference to Amendment CCXII and that reliance by the department of revenue, and the trial judge, on the aforementioned statute and regulation is misplaced.

Amendment CCXII, Alabama Constitution, reads in pertinent part:

"However, all federal income taxes paid or accrued within the taxable year by corporations shall always be deductible in computing net income taxable under the income tax laws of this state, provided that in the case of foreign corporations the amount of federal income tax deductible shall be in proportion to income derived from sources within Alabama, to be determined in accordance with such laws as the legislature may enact."

Appellant argues that when Regulation 402.2, relied upon by the state, was enacted in 1952 and then re-enacted in 1960, that the authority for its enactment was provided by Tit. 51, § 402(3), and subsection (13). At the time of enactment of the regulation, the federal income tax deduction was governed by § 402(3). Thereafter, appellant states that Act 107, Acts of Alabama, Second Special Session 1963, Vol. 1, p. 289, deleted the deduction allowed by § 402(3), so that now the deduction must be determined by the aforementioned constitutional amendment. Appellant points out that the statutory authority for the regulation relied upon by the state, i. e., § 402(13), states that the rules and regulations to be prescribed have reference to the "deductions allowed by this section."

It appears appellant is contending that as the deduction is not now allowed by § 402(3), the rules and regulations enacted under authority of § 402(13) prior to the

passage of Amendment CCXII have no authority and the deduction is to be allowed according to the mandates of the amendment. Inasmuch as no legislation was passed and in effect during the tax years in question, appellant contends that the amount of deduction to be allowed them is to be determined solely by reference to the amendment.

Thus, appellant contends that the phrase, "all federal income taxes paid or accrued", means the amount of income tax liabilty which accrued on Kyso's books and was thereafter satisfied by the cash payment to Socal and the investment credit.

As support for this contention, appellant cites to us the case of Cities Service Gas Co. v. McDonald, 204 Kan. 705, 466 P.2d 277. This was a case involving similar facts and the same legal issue in which the Supreme Court of Kansas held that the subsidiary corporation actually "incurred and paid" federal income taxes when it filed a statement with the parent and then discharged its tax liability by payment to the parent rather than the IRS.

Appellee, however, contends that appellant is actually trying to take a deduction based on a "hypothetical" tax return in that appellant did not file an income tax return with nor pay to the IRS any moneys. The only income tax filed was by Socal. As support for this position that the deduction should be based on the amount paid by the parent to the IRS rather than the subsidiary to the parent, appellee cites to us the case of Trunkline Gas Company v. Collector of Revenue (La.App.1965), 182 So.2d 674. This was again a case of similar facts raising the same legal issue, but the Louisiana court reached the result contended for by appellee.

Witnesses on behalf of the state also testified that the department of revenue consistently followed a policy established in 1952 during the years in question of refusing to allow any corporation or any person to take a deduction for federal income taxes in an amount in excess of the amount actually paid to the IRS. The amount to be deducted was the amount shown to be due by the final federal income tax return which interpretation was, according to state's witnesses, the income tax filed with the United States Government.

Despite the persuasive argument presented by able counsel for appellant, this court is of the opinion that Regulation 402.2 was in effect during the tax years in question and that the phrase, "federal income taxes paid or accrued", as used in Amendment CCXII means the actual payment made by the parent to the IRS.

It is undoubtedly true that the policy relied on as set out in Regulation 402.2 was enacted under the authority of § 402(13) at a time when the deduction in question was provided for in § 402(3) and that § 402(13) is by its terms concerned with "deductions allowed by this section", to wit, § 402.

However, we do not read the amendment, as contended by appellant, to render void all rules and regulations enacted prior to its passage. In the absence of any legislative action after its passage, this court is not prepared to interpret the amendment as radically altering the method of computation to be used. We note that Regulation 402.2 was designed to provide for the computation of federal income tax deduction to be allowed. We are not persuaded that because the deduction is now allowed by constitutional amendment rather than legislative grace that an entire administrative policy is to be overturned *sub silentio*. To adopt the contention of appellant would render inoperative an administrative program in effect for at least eleven years and install a completely different one with no legislative guidance. In the absence of express or implied language to that effect to be found in the constitutional amendment we refuse to overturn the administrative rules and regulations as enacted.

We are of the opinion that the constitutional amendment under consideration

must be construed in light of the law existing at that time, Regulation 402.2, as established by the department of revenue, the department responsible for administering the tax laws.

■ In ascertaining the purpose and intent of constitutional provision or statute, courts may look to history of times, existing order of things, state of law when instrument was adopted, and conditions necessitating its adoption. Morgan v. Board of School Commissioners of Mobile County, 248 Ala. 22, 26 So.2d 108.

■ A new constitutional provision adopted by a people already having well-defined institutions and systems of law should not be construed as intending to abolish the former system, except insofar as it is in manifest repugnance to the new constitution, but such provision should be read in the light of the former law and existing system. State v. Birmingham Southern R. Co., 182 Ala. 475, 62 So. 77.

■ We additionally note that in accord with the position of the state we interpret the phrase, "paid or accrued", to mean the amount paid from the parent to the IRS, and accordingly concur in the result reached by the Louisiana court. To this court no federal income taxes were actually "paid or accrued" by Kyso by the filing of an accounting statement with Socal.

We note two important distinctions in our case and the Kansas case relied upon by appellant. First, there was no policy in effect by the Kansas Department of Revenue to deal with the issue raised. We have earlier held that Regulation 402.2 was in effect in our state to deal with the issue raised. Second, the Kansas statute relied upon by the subsidiary contained the phrase, "paid or accrued", as also found in our amendment. But, additionally, their statute provided for "paid or incurred." Our own does not. This was heavily relied on by the Kansas court, and, in fact, the holding of the court was that the subsidiary had actually "incurred and paid"

federal income taxes by filing with the parent and discharging its liability thereto.

■ An additional question raised, in this instance, in determining the amount of deduction to be allowed is whether investment credits which are allowed under federal tax law to reduce the tax liability due by the taxpayer to the IRS, constitutes "payment" of federal income taxes for purposes of computing the deduction to be allowed appellant for "federal income taxes paid or accrued" on its state income tax return.

Appellant contends that it does, in fact, constitute payment and that the issue should be resolved by federal law. Appellant cites to us the cases of State v. Robinson Land and Lumber Co. of Ala., 262 Ala. 146, 77 So.2d 641, and Sloss v. State, 264 Ala. 680, 89 So.2d 174, for the proposition that federal law controls. Additionally, appellant claims that the policy of the state has not been followed consistently.

Appellee contends that state law is controlling in determining what is to be allowed as a deduction for all federal income taxes paid or accrued and that the tax paid to be allowed as deduction is the final amount actually paid to the IRS in cash.

The state policy was based on the holding of a Montgomery County Circuit Court decision, Southern Railway v. State, and Regulation 402.2, Income Tax Law and Regulations State of Alabama 1960. The pertinent part of this regulation reads:

"The Federal income tax to be apportioned in this manner is the *tax accrued as shown by the final Federal income and excess profits tax return of the taxpayer. . . .*" (Emphasis ours)

■ We do not find the cases cited to us by appellant to be controlling on this issue. The amount and method of deduction to be allowed for state income tax purposes, as we view it, is a matter for state determination. We have already held that the state policy in effect was Regulation

402.2. We accordingly reject this contention of appellant.

## II

The second question to be answered is whether or not appellant must apportion the direct taxes, other than income tax, which it pays to the state. As earlier noted, appellant contends it can deduct in toto all direct taxes paid the state, other than income taxes. The state's position is that appellant must apportion the direct taxes just as it apportions the amount of income deemed earned in Alabama.

Appellant, in its contention that it can deduct the direct taxes in toto, claims there is a conflict between subsections (3) and (13) of the deduction section, § 402, and that this conflict should be resolved in favor of the taxpayer. These subsections read as follows:

"Section 402. In computing the net income of domestic corporations doing business in this state subject to the tax imposed by section 398 of this title, *there shall be allowed as deductions:*

"(3) . . . or in the case of a non-resident individual of foreign corporation *taxes paid or accrued within the taxable year* imposed by the authority of the state of Alabama or any county, school district, municipality or any other taxing subdivision of the state of Alabama excluding the income taxes levied and imposed under this title, plus the proportion of tax imposed by other authorities above mentioned which the amount of gross income from sources within the state of Alabama bears to the amount of gross income from all sources within and without the state of Alabama.

. . . . . .

"(13) In the case of foreign corporations doing business in this state the *deductions allowed by this section* shall only be allowed if and to the extent that they are connected with income arising from sources within the state of Alabama, and the proper apportionment and allocation of deductions with respect to the sources of income within and without the state of Alabama shall be determined under the rules and regulations prescribed by the department of revenue; provided, that in the case of corporations doing a business partly within and partly without the state where revenue is apportioned or allocated to Alabama the expense in connection with such apportioned or allocated revenue shall be likewise apportioned or allocated to the state, for the purpose of deductions under this title, or the ratio that company expenses in Alabama bear to the company revenues in Alabama." (Emphasis ours)

Both appellant and appellee cite to us various rules concerned with statutory interpretation as support for their respective positions.

 In construing a statute, every word in each section thereof must be given effect, if possible, and construed with other sections in *pari materia.* Carroll v. Alabama Public Service Commission, 281 Ala. 559, 206 So.2d 364. In construing a statute, the court must consider the entire statute and not an isolated part, giving to every clause effect in light of the subject matter and purpose of the enactment. Baggett v. Webb, 46 Ala.App. 666, 248 So.2d 275, cert. den. 287 Ala. 725, 248 So.2d 284.

 Applying these rules of statutory construction, it is apparent to this court that appellant must apportion its direct taxes just as it does its income and that such is the legislative intent.

While subsection (3) does create a deduction for taxes paid, it is obvious by the language of subsection (13) this deduction must be apportioned. Subsection (13) specifically states "the deductions allowed by this section shall only be allowed if and to the extent" they are connected with income arising from sources within this state.

.. no.

Additionally, as already set out, this subsection further provides:

"[T]hat in the case of corporations doing a business partly within and partly without the state where revenue is apportioned or allocated to Alabama *the expense in connection with such apportioned or allocated revenue shall be likewise apportioned or allocated to the state, for the purpose of deductions under this title,* or the ratio that company expenses in Alabama bear to the company revenues in Alabama." (Emphasis ours)

We find no ambiguity existing when these subsections are read together and hold accordingly appellant must apportion its direct taxes paid.

All assignments of error having been considered, the judgment is due to be and is, therefore and accordingly, affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.

### ON REHEARING

Counsel for appellant taxpayer points out on rehearing that this court in that part of its opinion distinguishing Cities Service Gas Co. v. McDonald, 204 Kan. 705, 466 P.2d 277, in part relies upon a distinction between the Alabama and Kansas statutes. Able counsel contends there is, in effect, no valid distinction between the two statutes as discussed in our opinion. On further reflection, we agree. However, as noted above, this distinction was only partially relied on by the court, and is not essential in our holding that the Alabama regulation relied upon by the department of revenue was in effect.

Accordingly, the last paragraph on page 537 of our opinion and continuing on page 538 is omitted and substituted therefor is the following:

A distinction is noted between this case and the Kansas case relied upon by appel-

lant. There was no what might best be described as policy in effect by the Kansas Department of Revenue to deal with this issue raised. We have earlier in this opinion held that Reg. 402.2 was in effect in our state to deal with the issue raised.

Original opinion extended and appellant's application for rehearing overruled.

WRIGHT, P. J., and BRADLEY, J., concur.