Petition for a writ of mandamus to The Honorable Daniel B Banks, Jr., Circuit Judge of Madison County, to direct Judge Banks to vacate his order transferring the case of MadisonCounty, Alabama, et al. v. Fob James, etc., et al. to the Montgomery County Circuit Court. The writ is denied
The sole issue presented by the petition is whether or not venue in the litigation between the parties is properly laid in Madison County
The plaintiffs in the action initially filed in Madison County were Madison County, Alabama, the Madison County Commission, and Joe Patterson as Sheriff of Madison County. The named defendants were Fob James, in his capacity as Governor of the State of Alabama and in his capacity as Temporary Receiver of the Prison System of Alabama, Robert Britton, in his capacity as Commissioner of the Department of Corrections of the State of Alabama, and the City of Huntsville Hospital Board, d/b/a Huntsville Hospital, for itself and as representative of a class of persons who have provided or who will provide services or goods to state prisoners confined in the Madison County jail pending their removal to the state penitentiary. That action sought both declaratory and extraordinary relief: (1) that state prisoners not be confined in the Madison County jail pending such removal for more than twenty-one days; (2) that prisoners who have been confined for more than twenty-one days be removed; (3) that Governor James and Commissioner Britton be held responsible for reimbursing the plaintiffs for sums of money expended by them in providing medical care, food and housing to such prisoners, and (4) that plaintiffs not be held responsible for such payments; (5) that food, housing and medical care for such prisoners be provided by the Governor and Commissioner Britton; (6) that they be ordered to reimburse the plaintiffs for sums they have expended in providing those services; *Page 400 
and (7) that the Governor and Commissioner Britton be ordered to pay Huntsville Hospital and the members of its class the sums of money due for medical treatment to such prisoners
In due course Governor James and Commissioner Britton moved separately for a change of venue to the Circuit Court of Montgomery County. Commissioner Britton alleged in his motion that the provisions of Code of 1975, § 6-3-9, mandated such a change. Governor James's motion alleged that ground also, and in addition alleged that because of (1) his position as Governor and "Temporary Receiver" of the Alabama Prison System the venue of the action against him would lie only in Montgomery County, and (2) by virtue of Act 79-426 of the 1979 Regular Session of the Alabama Legislature he had been vested by the legislature with the responsibilities which previously had been possessed by the Board of Corrections
After considering these motions, together with memoranda and arguments of the parties, the trial court granted the motions to change venue to Montgomery County
Our legislative enactments are the primary guideposts for the venue of actions. Ex parte Lamb, Ala., 400 So.2d 386 (1981) Statutes governing the venue of actions are found in Code of 1975, Title 6, Article 3. Section 6-3-9 recites:
 All actions where the prison system or the state on account of the prison system is interested must be commenced in Montgomery county in any court having jurisdiction of the amount involved, except actions to condemn property under section 18-1-2, which must be commenced in the county where the property sought to be condemned is located. And if, on the trial of any case in any county, it is suggested by the board of corrections or is otherwise shown that the state is interested on account of the prison system, such case must be transferred to the proper court of Montgomery county. All actions commenced under this section must be commenced in the name of the state
The plain language of this statute mandates the venue as Montgomery County when the State Prison System "is interested." That phrase, in fact, is repeated within the body of the statute. The phrase "[a]ll actions" is clear and unambiguous, and means what the phrase describes, "[a]ll actions," whether those initiated by the state or those in which the state's "system" is a party. The concluding sentence of the statute refers to only one category of "[a]ll actions," i.e., those commenced by the state — those must be commenced in the state's name (rather than in the names of those holding positions of authority). Cf. Moore v. Stephens, 264 Ala. 86,84 So.2d 752 (1956) (Syl. 4)
The petitioners' scholarly argument in brief dealing with the historical development of and changes in this statute to the effect that its present language signifies a legislative intent to govern only those actions filed by the state, is unpersuasive. Our cases uniformly hold that plain language in a statute should be considered to mean what it says. Fletcher vTuscaloosa Fed. Sav. and Loan Assn., 294 Ala. 173, 314 So.2d 51
(1975); State v. Robinson Land Lumber Co. of Ala., 262 Ala. 146, 77 So.2d 641 (1955); Hawkins v. Jefferson County, 233 Ala. 49,169 So. 720 (1936). Accordingly, we hold that § 6-3-9
controls the venue of this action. The Governor of Alabama, as "Temporary Receiver" of the prison system, and the Prison System Commissioner are made parties defendant. The state "on account of the prison system" is interested in the action because those officials in their official capacities are sought to be made liable for past and future expenditures made by the plaintiffs on behalf of state prisoners housed in the Madison County jail
Because we find § 6-3-9 controlling on the issue of venue, we do not address other issues raised by the petitioners Moreover, *Page 401 
we have limited this opinion solely to the venue question
The writ is due to be denied
WRIT DENIED
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur