ON REHEARING
HOLMES, Presiding Judge.
This court’s original opinion dated February 22, 1989, is withdrawn, and the following is substituted therefor:
This case was originally assigned to another member of this court. This appeal concerns the interpretation of a local act governing the Civil Service System of the City of Florence.
That act in part is'as follows:
“Section 2. An appeal may be taken from any decision of the Civil Service Board in the following manner: Within ten (10) days after any final decision of such Board, any party, including the governing body of the city, feeling aggrieved at the decision of the Board, may appeal from any such decision to the Circuit Court of the County. Upon the filing of such appeal, notice thereof shall be served upon any member of the Board and a copy of said notice shall be served upon the appellee or his attorney by the appellant. Such appeal shall be heard at the earliest possible date by the court sitting without a jury, unless a jury is demanded by the appellant at the time of filing his notice of appeal or by the appel-lee within ten (10) days after notice of appeal has been served upon him. In the event either party demands a jury as provided above, the appeal shall be heard at the next regular jury term of court and shall have priority over all other cases. No bond shall be required for such an appeal and such an appeal shall be effected by filing a notice and request therefor by the appellant upon any member of the Civil Service Board and upon the appellee as herein provided for above and also by filing a notice and request for an appeal with the Clerk of the Circuit Court.”
1971 Ala. Acts, No. 1619.
After a hearing, the Civil Service Board of the City of Florence (Board) terminated officer Shannon Thompson’s employment with the City of Florence (City). Within ten days after the Board’s final decision, Thompson filed a notice of appeal in the Lauderdale County Circuit Court.
Thereafter, the City filed a motion to dismiss the appeal based on the fact that no Board member was served with the notice of appeal within ten days after the Board’s final decision. The trial court granted the City’s motion to dismiss and Thompson now appeals to this court. We affirm.
The dispositive issue on appeal is whether a Board member and the appellee must be served with a notice of appeal within ten days from the Board’s final decision.
At the outset we note that a longstanding rule of statutory construction is that a court has a duty to construe each word of each section consistently with other sections in pari materia. Director of the Alabama Department of Industrial Relations v. Winston County Commission, 468 So.2d 177 (Ala.Civ.App.1985). Also, the entire statute should be considered and not just an isolated part, so that every clause is given effect in light of the subject matter and purpose of the law. Standard Oil Co. v. State, 55 Ala.App. 103, 313 So.2d 532 (Ala.Civ.App.1975).
In examining the above act, we find the language to be very clear concerning who may appeal, where to appeal, and the time limit in which to appeal. “Within ten (10) days after any final decision of such Board, any party, including the governing body of the city, feeling aggrieved at the decision of the Board, may appeal from any such decision to the Circuit Court of the County.”
The act is equally as clear concerning the steps required to be taken by the appellant in order to appeal. In fact, the act sets forth the specific criteria twice within section 2. In the first part of section 2 the act states that “[u]pon the filing of such appeal, notice thereof shall be served upon any member of the Board and a copy of *434 said notice shall be served upon the appel-lee or his attorney by the appellant.” The act goes on, however, and states again that “such an appeal shall be effected by filing a notice and request therefor by the appellant upon any member of the Civil Service Board and upon the appellee as herein provided for above and also by filing a notice and request for an appeal with the Clerk of the Circuit Court.”
The question thus becomes whether or not the ten-day time period applies to just one of the three requirements necessary to “effectuate” the appeal or to all three of the requirements.
In light of the above rules of construction, it appears to this court that clearly the ten-day time limit in which to appeal applies to all three of the requirements listed in section 2 of the act, and not to just the filing in the circuit court, as Thompson suggests. Any other interpretation would not be in keeping with our rules of statutory construction. This view is further supported by the fact that the circuit court is required to give these cases priority over others before the court. Failure to apply the ten-day time limit to service on a Board member and the appellee would negate the clear intent of the legislature to allow parties in these cases the fastest possible access to judicial review.
In view of the above, we find that the reasonable interpretation of this act is that the ten-day time limit applies to filing the notice of appeal in the circuit court, serving such notice to any Board member, and serving a copy to the appellee.
Therefore, for Thompson to have timely appealed the Board’s decision in this instance, he must have met all three requirements set out in the act within ten days from the Board’s final decision.
We find that Thompson met two of the three requirements necessary to effectuate his appeal. He filed his notice of appeal in the circuit court clerk's office well within the ten-day time limit. Further, the City (appellee) was served a copy of such notice within the applicable time. However, the record clearly shows that no Board member was served within the ten-day time period. Therefore, we have no alternative but to affirm the trial court’s dismissal of this case. Thompson’s failure to serve a Board member a copy of the notice of appeal within the ten-day time period was a jurisdictional defect requiring the dismissal of his appeal.
We do note that service in this instance was made by delivering a copy to the Board members, and as noted above, this service came too late. However, Thompson could have served the Board members by mail, and such service would have been complete upon mailing, See, Rule 5(b), Ala. Rules of Civil Procedure.
For the reasons set forth above, this case is due to be affirmed.
APPLICATION FOR REHEARING GRANTED.
OPINION SUBSTITUTED.
AFFIRMED.
INGRAM, J., concurs.
ROBERTSON, J., dissents.