CRAWLEY,
Presiding Judge, dissenting from the rationale and concurring in the judgment of reversal.
I respectfully dissent from the portion of the majority opinion requiring the juvenile court to conduct a hearing to determine whether the uncle desires to become the child’s custodian.
The main opinion does not address the merits of the uncle’s strongest argument on appeal, namely, that he cannot be compelled to undergo a psychological examination because he is not the custodian of the child. This is the first argument the uncle raises in his brief to this court.
This court should not simply ignore this argument; instead, this court should address this argument on the merits and examine the plain language of the statute at issue. Section 12-15-69, Ala.Code 1975, provides, in relevant part:
“(b) Where there are indications that the child may be physically ill, mentally ill or mentally retarded, the court, on its own motion or motion by the prosecutor or that of counsel for the child, may order the child to be examined at a suitable place by a physician, psychiatrist, psychologist or other qualified examiner, under the supervision of a physician, psychiatrist or psychologist who shall certify such examiner’s findings in writing, or an examiner approved by the Department of Mental Health prior to a hearing on the merits of the petition.
[[Image here]]
“(d) The court, after hearing, may order an examination as described in subsection (b) of this section of a parent or custodian who gives his consent and whose ability to care for or supervise a child before the court is in issue.”
(Emphasis added.) Our supreme court has long held that the plain language of a statute should be considered to mean exactly what it says. Ex parte Madison County, 406 So.2d 398, 400 (Ala.1981) (citing Fletcher v. Tuscaloosa Fed. Sav. & Loan Ass’n, 294 Ala. 173, 314 So.2d 51 (1975); State v. Robinson Land & Lumber Co. of Alabama, 262 Ala. 146, 77 So.2d 641 (1955); and Hawkins v. Jefferson County, 233 Ala. 49, 169 So. 720 (1936)).
According to the plain language of the statute at issue, a trial court can order only a parent or custodian of a child to submit to a psychological examination. The record indicates that the uncle, although he did maintain some contact with the child after she was placed in the legal custody of the Department of Human Resources (“DHR”), was not a parent or the legal or physical custodian of the child. This case is distinguishable from J.M. v. State Department of Human Resources, 686 So.2d 1253 (Ala.Civ.App.1996), which is relied upon by the majority, because that case involved the parent of the child, not, as in this case, a person who was previously the custodian of the child. Whether the uncle desires to again become, at some point in the future, the custodian of the child is immaterial; the uncle was not a parent or custodian of the child at the time of this litigation.
Although DHR may desire to reunite the child with the uncle, neither it nor the juvenile court can compel the uncle against his will to become the child’s custodian. Therefore, the juvenile court erred in requiring the uncle to submit to a psychological examination. I would reverse the trial *965 court’s judgment, as the main opinion does, but I would do so on the basis that the uncle cannot be required to submit to a psychological examination.
Finally, I would pretermit the remaining issues the uncle raises on appeal, in light of the discussion above.