**HUBBARD v. UNITED STATES.** *
No. 42647.

Court of Claims.
Dec. 7, 1936.

———◆———

*Writ of certiorari denied 57 S. Ct. 508, 81 L. Ed. ——.

John L. McMaster, of New York City, for plaintiff.

Guy Patten, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen. (Tolbert, Ewen & Patterson, of New York City, on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff, a citizen of the United States, was a temporary resident of the city of London, England, during the taxable year 1927. The plaintiff's federal income tax return for the year, filed on July 20, 1928, disclosed a net income of $153,284.65, arising from sources both within and without the United States, all of which was taxable in the United States. Claim for credit of $43,047.85 taxes accrued to Great Britain on the income arising in that country accompanied the return of which amount $17,429.16 was claimed as a credit against the taxes shown to be due on the return, and the balance of $25,618.69 was taken as a deduction from income, leaving a tax liability of $12,099.98, which was paid by the plaintiff.

Subsequently, an additional assessment of $1,617.11 was made against plaintiff on the return, with interest thereon, amounting in all to $1,930.21, which was also paid.

The plaintiff's net taxable income for 1927, before deduction of foreign taxes, was determined by the Commissioner of Internal Revenue to be the sum of $181,114.22, of which .540799, or $97,946.54, was derived from sources without the United States and $83,167.68 was derived from sources within the United States. In computing the tax liability, the Commissioner gave the plaintiff credit for the full amount of the foreign tax accruing to Great Britain on income arising in that country, $43,391.76, by the deduction of $24,707.11 from net income, and a credit of $18,684.65 against the tax itself.

In addition to the income reported by plaintiff in his tax return for 1927, he received a salary for personal services performed in Great Britain during the year amounting to $163,004.20, upon which a tax accrued to Great Britain in the amount of $71,460.06. Under section 213(b) (14) of the Revenue Act of 1926 (43 Stat. 23, 26),[1] the amount of this salary was exempt from taxation and for that reason was not included by him in the gross income reported, nor was any claim made by him at the time for credit in respect to the foreign taxes paid on such salary. Subsequently, however, in a claim for refund, as amended, plaintiff sought to obtain a benefit of such taxes in the computation of the foreign tax credit to which he was entitled. It was urged

---

[1] "Sec. 213. For the purposes of this title, except as otherwise provided in section 233. * * *

"(b) The term 'gross income' does not include the following items, which shall be exempt from taxation under this title. * * *

"(14) In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States if such amounts con-stitute earned income as defined in section 209; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this paragraph."

"Sec. 209. (a) For the purposes of this section—

"(1) The term 'earned income' means wages, salaries, * * * received as compensation for personal services actually rendered."

that the foreign taxes on the plaintiff's salary should be first applied to the credit provided in section 222 (a) (1) (5) of the Revenue Act of 1926 (44 Stat. 36), and that the other foreign taxes paid by plaintiff should be deducted from his gross income under section 214 (a) (3) of the same act (44 Stat. 26). The Commissioner of Internal Revenue disallowed this part of the plaintiff's claim for refund and ruled that the taxes paid to a foreign country by a citizen of the United States upon income excluded from gross income under section 213 (b) (14), might not be claimed as a credit under section 222, nor as a deduction under section 214 of the Revenue Act of 1926.

The plaintiff in this suit renews the contentions made by him before the Commissioner in the disallowed claim for refund, and says that the questions involved are:

(1) Is an American citizen residing abroad, whose income includes salary earned abroad which is exempt from the United States tax, entitled to credit for the foreign taxes on the exempt salary if he has other taxable foreign income which may be used as a basis for the computation of the credit?

(2) If so, may he require that the foreign income taxes on the exempt salary, which are not allowable deductions, be applied to the credit and that the foreign income taxes on the foreign taxable income be deducted from his gross income?

The provisions of the Revenue Act of 1926 relied upon by plaintiff are:

"Sec. 214. (a) In computing net income there shall be allowed as deductions: * * *

"(3) Taxes paid or accrued within the taxable year except * * * (B) so much of the income, war-profits, and excess-profits taxes, imposed by the authority of any foreign country * * * as is allowed as a credit under section 222. * * *

"Sec. 222. (a) The tax computed under Parts I and II of this title shall be credited with:

"(1) In the case of a citizen of the United States the amount of any income, war-profits, and excess profits taxes paid or accrued during the taxable year to any foreign country. * * *

"(5) The above credits shall not be allowed in the case of a citizen entitled to the benefits of section 262; and in no other case shall the amount of credit taken under this subdivision exceed the same proportion of the tax (computed on the basis of the taxpayer's net income without the deduction of any income, war-profits, or excess-profits tax any part of which may be allowed to him as a credit by this section), against which such credit is taken, which the taxpayer's net income (computed without the deduction of any such income, war-profits, or excess-profits tax) from sources without the United States bears to his entire net income (computed without such deduction) for the same taxable year."

 The primary design of the provisions carried in the various revenue acts permitting taxpayers to credit taxes paid or accrued to foreign countries during the taxable year against their domestic taxes was to mitigate the evils of double taxation. Burnet v. Chicago Portrait Company, 285 U.S. 1, 52 S.Ct. 275, 76 L. Ed. 587. Double taxation exists only when the same income is taxed both in the foreign country and in the United States. Plaintiff's salary in Great Britain on which a tax of $71,460.06 accrued to that country was exempt from taxation in the United States and constituted no part of the net income upon which his taxes in this country were computed. He paid taxes upon the salary in Great Britain alone; hence there is no case of double taxation presented. The plaintiff, as we have seen, has already been given the full credit he is entitled to receive in the way of credit against his domestic taxes of foreign taxes paid or accrued to Great Britain on all income arising in that country upon which taxes were also imposed in this country.

The action of the Commissioner of Internal Revenue in disallowing plaintiff's claim for refund was correct. The plaintiff is not entitled to recover, and the petition will be dismissed. It is so ordered.