*Decisions will be entered under Rule 50.*

GORDON DUKE AND FLORA DUKE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 81273. Filed July 29, 1960.

*Horace R. Drew, Jr., Esq.*, for the petitioners.
*Louis J. DeReuil, Esq.*, for the respondent.

### OPINION.

ARUNDELL, *Judge:* Respondent determined a deficiency in income tax for the calendar year 1951 in the amount of $221.64. Due to an alleged mathematical error, respondent, by motion duly granted, has made claim for an increased deficiency of $25.35, thus bringing the claimed deficiency to $246.99.

The only issue is the determination of the proper application under section 131 of the Internal Revenue Code of 1939[1] of the "Limit on Credit" in respect of income taxes paid by petitioners to Mexico during the taxable year 1951.

---

[1] SEC. 131. TAXES OF FOREIGN COUNTRIES * * *

(a) ALLOWANCE OF CREDIT.—* * * the tax imposed by this chapter * * * shall be credited with:

(1) CITIZENS * * *.—In the case of a citizen of the United States * * *, the amount of any income * * * taxes paid or accrued during the taxable year to any foreign country * * *

\* \* \* \* \* \* \*

(b) LIMIT ON CREDIT.—The amount of the credit taken under this section shall be subject to * * * the following limitations:

(1) The amount of the credit in respect of the tax paid or accrued to any country shall not exceed, in the case of a taxpayer other than a corporation, the same proportion of the tax against which such credit is taken, *which the taxpayer's net income from sources within such country* bears to *his entire net income* for the same taxable year * * * [Emphasis supplied.]

All of the facts have been stipulated and are hereby found accordingly. Only the pertinent facts necessary to an understanding of the issue need be stated herein.

Petitioners are citizens of the United States and residents of Mexico. Their joint original and amended 1951 Federal income tax returns were filed with the district director of internal revenue, Baltimore, Maryland.

During 1951 petitioners received total income in the amount of $54,740.21 comprised of earned income in the amount of $42,500 and other income in the amount of $12,240.21.

The earned income of $42,500 was comprised of salary income in the amount of $20,000 received from a United States corporation, and salary income of $22,500 received from two Mexican corporations. The other income of $12,240.21 comprises nonsalary income derived from sources within the United States. Paragraphs 4 and 6 of the stipulation state:

4. The petitioners paid income taxes in the amount of $3,007.74 to Mexico on earned income in the amount of $22,500.00 derived from sources in Mexico.

\* \* \* \* \* \* \*

6. Income in the amount of $42,500.00 earned during the year 1951 represents compensation for services performed partly within and partly without the United States of which the amount of $18,280.82 is determined to be from sources within the United States as computed by apportionment on a time basis pursuant to the provisions of Sec. 29.119–4 of United States Treasury Income Tax Regulations 111 which requires inclusion in United States gross income of an amount which bears the same relation to total compensation as the number of days of performance of services within the United States bears to the total number of days of performance of services for which payment is made. A total of 157 days was spent by petitioner Gordon Duke in the performance of services in the United States during the year 1951. Thus, earned income from sources within the United States is determined by applying the fraction $157/365$, or the decimal .430137, to the total earned income in the amount of $42,500.00, the result being the amount of $18,280.82 in earned income from sources within the United States for the year 1951.

This amount of $18,280.82, plus the above amount of the other nonsalary income of $12,240.21, equals $30,521.03 which petitioners reported on their amended United States income tax return as adjusted gross income. Petitioners claimed no deductions from gross income, so the $30,521.03 of adjusted gross income becomes petitioners' net income.

Paragraph 7 of the stipulation is as follows:

Total income, taxable income, and exempt income as determined under Section 116 and Section 119 of the Internal Revenue Code of 1939 and Section 29.116–1(a) and Section 29.119–4 of United States Treasury Income Tax Regulations 111, is as follows:

|  | Total Income | Income Taxable in the U.S. | Income Exempt in the U.S. |
|---|---|---|---|
| Total salary ------------------------------ | $42,500.00 | $18,280.82 | $24,219.18 |
| Other domestic income --------------------- | 12,240.21 | 12,240.21 | |
| Total ----------------------------- | $54,704.21 | $30,521.03 | |

The above total salary of $42,500 is further broken down as follows:

|  | Total income | Income taxable in the United States | Income exempt in the United States |
|---|---|---|---|
| Salary (Mexican corporations)-------------------------------- | $22,500 | $9,678.08 | $12,821.92 |
| Salary (United States corporation)---------------------------- | 20,000 | 8,602.74 | 11,397.26 |
| Total salary-------------------------------------- | 42,500 | 18,280.82 | 24,219.18 |

The United States tax on taxable income in the amount of $30,521.03 is $8,730.10.

The dispute between the parties is how the "Limit on Credit" under section 131(b),[2] *supra*, is to be determined.

In *I. B. Dexter*, 47 B.T.A. 285, 290, appeal to C.A. 9 dismissed January 20, 1943, upon motion of petitioner, we said:

The language of subsection (b)(1) limits the credit to an amount not in excess of the same proportion of the tax against which the credit is taken which the *taxpayer's net income from sources within a foreign country* or possession *bears to his entire net income*. The taxpayer's net income from said sources outside the United States becomes the *numerator* and his entire net income becomes the *denominator* of the fraction used in determining the proportion set forth in the section. * * * [Emphasis supplied.]

The dispute is narrowed to a determination of the "numerator" and the "denominator" of the fraction to be used in determining the proportion set forth in section 131(b)(1), *supra*.

Petitioners contend the "Limit on Credit" should be computed as follows:

$$\frac{\$22,500.00}{54,740.21} \times \$8,730.10 = \$3,588.35$$

Thus, petitioners contend there is no limit since $3,588.35 is in excess of the tax paid to Mexico of $3,007.74.

Respondent contends the "Limit on Credit" should be computed as follows:

$$\frac{\$9,678.08}{30,521.03} \times \$8,730.10 = \$2,768.28$$

Thus, the respondent contends the credit should be limited to the amount of $2,768.28.

---

[2] All references to section numbers are of the Internal Revenue Code of 1939 unless otherwise indicated.

We agree with the respondent. In our opinion, petitioners' computation is erroneous because it includes in both the numerator and the denominator the entire salary income of $22,500 derived from sources in Mexico, notwithstanding that $12,821.92 of such salary income was exempt from taxation in the United States under section 22(b).[3]

The historic purpose in extending a foreign tax credit was to mitigate the evils of double taxation. *Burnet* v. *Chicago Portrait Co.*, 285 U.S. 1. The evils of double taxation do not exist, however, where the income taxed abroad is exempt from United States tax. *Hubbard* v. *United States*, 17 F. Supp. 93 (Ct.Cl. 1936), certiorari denied 300 U.S. 666.

The term "net income" used twice in section 131(b)(1) means the "net income" as defined in section 21(a).[4] Section 131(b)(1) provides that "[t]he amount of the credit in respect of the tax paid or accrued [$3,007.74] to any country [Mexico] shall not exceed * * * the same proportion of the tax against which such credit is taken [$8,730.10], which the taxpayer's *net income from sources within such country* [Mexico] bears to his *entire net income* * * *." (Emphasis supplied.)

Gordon's "net income from sources within such country [Mexico]" is the amount of $9,678.08. Although he had a salary income from the two Mexican corporations of $22,500, the amount of $12,821.92 thereof was excluded from gross income under section 22(b), leaving only $9,678.08 to be included in gross income under section 22(a). Since petitioners claimed no deductions under section 23, the $9,678.08 became Gordon's net income from sources within Mexico, and the numerator of the fraction to be used in determining the proportion set forth in section 131(b)(1).

Petitioners' "entire net income," which is the denominator of the fraction to be used in determining the proportion set forth in section 131(b)(1), is the amount of $30,521.03. It has been stipulated in paragraph 7 of the stipulation, *supra*, that the total amount to be excluded from gross income under section 116 is $24,219.18 ($12,-821.92 of the $22,500 salary from the Mexican corporations plus $11,397.26 of the $20,000 salary from the United States corporation). This leaves $30,521.03 ($54,740.21 minus $24,219.18) as petitioners'

---

[3] SEC. 22. GROSS INCOME.

(b) EXCLUSION FROM GROSS INCOME.—The following items shall not be ·included in gross income and shall be exempt from taxation under this chapter:

    *        *        *        *        *        *        *

(8) MISCELLANEOUS ITEMS.—The following items, to the extent provided in section 116:

Earned income from sources without the United States * * *

[4] SEC. 21. NET INCOME.

(a) DEFINITION.—"Net income" means the gross income computed under section 22, less the deductions allowed by section 23.

776

"gross income computed under section 22" and since petitioners claimed no deductions under section 23, the amount of $30,521.03 becomes petitioners' "net income" as defined in section 21. Petitioners had no other net income as defined in section 21. Therefore, the amount of $30,521.03 is petitioners' "entire net income" as that term is used in section 131(b)(1), *supra*, and becomes the denominator in the fraction previously mentioned as is contended for by the respondent.

We hold that for the year 1951 petitioners' credit for income taxes paid to a foreign country is limited under section 131(b)(1) to the amount of $2,768.28, as contended for by the respondent.

*Decision will be entered under Rule 50.*