361 P.2d 42

**TEXAS COMPANY, a Corporation, Plaintiff-Respondent,**

v.

**P. G. NEILL, Tax Collector of the State of Idaho, Defendant-Appellant.**

No. 8903.

Supreme Court of Idaho.

April 5, 1961.

Rehearing Denied May 4, 1961.

Frank L. Benson, Atty. Gen., Robert E. Bakes, Will S. Defenbach, Asst. Attys. Gen., for appellant.

J. N. Leggat, Boise, for respondent.

McQUADE, Justice.

This case came before the trial court on a stipulation of facts. The plaintiff-respondent is a Delaware corporation having its principal place of business in Houston, Texas. Plaintiff derives its income from sources in Idaho and other states. Plaintiff brought this action to recover claimed overpayment of taxes.

The issue presented herein arose over an interpretation of an Idaho statute, subsequently repealed, relating to deductions taken by the plaintiff for the calendar years 1954, 1955, and 1956. The statute in

question, I.C. § 63–3032, subd. 3(d) [1947 Session Laws, ch. 272] reads as follows:

"In computing the net income of a corporation subject to the tax imposed by section 63–3028 there shall be allowed as deductions:

\*    \*    \*    \*    \*    \*

"3. Taxes paid or accrued within the taxable year except \* \* \* (d) Credit for federal income tax, paid or accrued, will be allowed in an amount which bears the same relationship to the total federal income tax paid or accrued, *as the Idaho net taxable income bears to the total income,* as computed without benefit of this deduction. \* \* \*" (Emphasis added.)

On the basis of this statute, the deduction is figured by the formula:

$$\frac{\text{Idaho net taxable income}}{\text{Total income}} = \frac{\text{Federal tax credit}}{\text{Federal income tax paid}}$$

The phrase in the statute which has produced our problem is the term "total income." In computing its tax, the corporation took into account certain deductions for dividends received from sources outside the State of Idaho. These deductions, which are the subject of the controversy, are dividends from corporations 85 per cent of which is deductible from net income in computing Federal income tax as authorized by sec. 243(a), Internal Revenue Code of 1954, approved August 16, 1954, which is also referred to as Public Law 591, chapter 736, 26 U.S.C.A. § 243(a).

Plaintiff paid the additional taxes assessed by the defendant for the three years. Defendant made this assessment on the basis that the Idaho statute did not permit the 85 per cent deduction. The defendant issued an administrative ruling stating that "total income" used in the statute meant "total net income." Plaintiff insists that the statute is ambiguous, and that the words "total income" in the statute actually mean "Federal total net taxable income," thereby permitting taxpayers to take the 85 per cent deductions set out in the Internal Revenue Code in computing the State deduction.

Plaintiff further states that if the

" \* \* \* deduction is computed on the basis of the amount of the federal income tax paid by reason of Idaho income—the amount it would have paid if its Idaho net income had been its entire net income subject to the federal tax—it admittedly overpaid its Idaho tax for each year even before appellant's determination of the deficiencies."

This latter statement is the basis for plaintiff's cross-appeal.

The trial court granted judgment for the plaintiff on the theory that the words "to-

tal income" were intended by the Idaho Legislature to mean "total net taxable income." From this judgment, the defendant appeals.

In construing tax deductions and exemptions, it has oftentimes been said that statutes must be strictly construed. Lewiston Orchards Irr. Dist. v. Gilmore, 53 Idaho 377, 23 P.2d 720; Malad Second Ward etc. v. State Tax Comm., 75 Idaho 162, 269 P. 2d 1077; 85 C.J.S. Taxation § 1099, a, p. 772. But in construing statutes as to their aims and purposes, this Court has said, in Keenan v. Price, 68 Idaho 423, 195 P.2d 662, 670:

"* * * statutes must be liberally construed with a view to accomplishing their aims and purposes, and attaining substantial justice, and the courts are not limited to the mere letter of the law, but may look behind the letter to determine its purpose and effect, the object being to determine what the legislature intended, and to give effect to that intent. * * * (Citing cases.)"

In examining the Session Laws of the 1947 Legislature, chapter 272, which authorized the deduction in question, our attention has been called to the title of the Act. Neither party urged to the Court that other portions of the Act as modified at that time by the Legislature would have a bearing upon the enigma with which we are confronted. The amendments of the Act were to provide credit for Federal income tax paid by two distinct groups: one, individuals, and two, corporations. The deduction allowed to individuals in that Act is as follows (I.C. § 63–3016):

"a. In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

"3. * * * (d) credit for federal income tax paid or accrued, shall be allowed in an amount which bears the same relationship to the total federal income tax, paid or accrued, as the net taxable Idaho income bears to the total net income from all sources."

The amendment relating to corporations is as follows:

"* * * Credit for federal income tax, paid or accrued, will be allowed in an amount which bears the same relationship to the total federal income tax paid or accrued, as the Idaho net taxable income bears to the total income, as computed without benefit of this deduction. * * *" I.C. § 63–3032, subd. 3(d).

The amendment relating to individuals is based upon "total net income," whereas the word "net" was not used in the amendment relating to corporations. The Legislature by this amendment intended to provide tax relief for individuals and corpora-

tions, and a strict reading of the amendment would result in discrimination against corporations.

"Net income" is defined in the Internal Revenue Code of 1939, § 21, 26 U.S.C.A. § 21:

" 'Net income' means the gross income computed under section 22, less the deductions allowed by section 23."

This definition, in effect when the Idaho statute was enacted, does not allow special deductions in arriving at net income.

In Chandler v. Lee, 1 Idaho 349, this Court said:

"It is the duty of courts to execute laws according to their true intent and meaning; and that intent, when collected from the whole and every part of the statute taken together, must prevail even over the literal sense of the terms and control the strict letter of the law, when the letter would lead to possible injustice, contradiction, and absurdity. * * * In the construction of a statute it is an invariable rule to start out with the assumption that some effect is to be given, if possible, to every provision of the statute. * * *

"Where a particular construction of a statute applied to a case which it

seems by its terms to include, there follows from such construction an absurd consequence; respect for the legislature will induce the court from thence to conclude, that some other construction, which will not produce such a consequence, ought to be adopted. Hence, every construction which leads to an absurdity ought to be rejected. * * *"

This rule was restated in Keenan v. Price, 68 Idaho 423, 195 P.2d 662.

Substitution of the word "net" in the corporation amendment provides a formula consistent with that for individuals and consonant with legislative intent. We must conclude that the Legislature intended that the word "net" be used in the statute relating to corporations, and that the computation of the deduction would be upon total net income.

The conclusion which we reach herein disposes of the cross-appeal on behalf of the plaintiff.

The judgment of the trial court is reversed.

Costs to appellant.

TAYLOR, C. J., and SMITH, KNUDSON and McFADDEN, JJ., concur.