513 P.2d 1357

**ANDERSON, CLAYTON & CO., a corporation, Appellant,**

v.

**L. Waldo DeWITT, John M. Hazelett and Bob Kennedy, as members of and as constituting the State Tax Commission of Arizona, and State Tax Commission of Arizona, an agency of the State of Arizona, Appellees.**

**No. I CA–CIV 1817.**

Court of Appeals of Arizona, Division 1,

Department A.

Sept. 18, 1973.

Rehearing Denied Oct. 24, 1973.

Review Denied Nov. 13, 1973.

Snell & Wilmer by Edward Jacobson, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen. by James D. Winter, Asst. Atty. Gen., Phoenix, for appellees.

OPINION

HAIRE, Judge.

On this appeal the appellant taxpayer (Anderson Clayton) contends that the appellee State Tax Commission has erroneously computed the federal income tax deduction available to Anderson Clayton in calculating its Arizona income tax liability.

Anderson Clayton, a Delaware corporation, has earned and reported taxable income in Arizona and has paid income taxes thereon under the provisions of Chapter 1, Title 43, A.R.S. for many years, including

fiscal years ending in 1963, 1966 and 1967. On March 5, 1968, the State Tax Commission notified Anderson Clayton that it proposed to assess additional income taxes for the above three years. The principal basis for the deficiency assessments was the Tax Commission's contention that Anderson Clayton had taken a larger federal income tax deduction in computing its Arizona tax liability than was allowable under the applicable Arizona statutes. A.R.S. §§ 43–123, subsec. c and 43–126, subsec. a5, *infra*, footnotes 1 and 2.

After the State Tax Commission denied Anderson Clayton's protest of the deficiency assessments, Anderson Clayton brought this action in the Superior Court pursuant to A.R.S. § 43–177, subsec. f, as an appeal from the Commission's action. Both parties moved for summary judgment, and the trial court granted judgment for the Tax Commission for deficiency assessments covering each of the three years in question.

■ The facts are not in dispute. The only controversy involves the *method* of computing the federal income tax deduction so as to arrive at a result which accords with that required by the Arizona statutes. In computing the Arizona tax A.R.S. § 43–123, subsec. c allows a deduction for federal income taxes paid during the taxable years.[1] However, when a multi-state corporation is the taxpayer, deduction of the full amount of the federal income tax is not always permissible. For example, if a multi-state corporation's income is derived from, or attributable to, sources both within and without this state, then, pursuant to A.R.S. § 43–135, subsec. g, only a portion of its income is taxable by this state and

correspondingly, pursuant to A.R.S. § 43–126, subsec. a5, only that portion of the federal income tax which is allocable to Arizona taxed income is allowed as a deduction.[2]

It is unquestioned that for the years here involved Anderson Clayton's income was derived from or attributable to sources both within and without the state, and that therefore pursuant to A.R.S. § 43–135, subsec. g only a portion of its income was taxable by the State of Arizona. During these years the taxpayer also had income derived from or attributable to other domestic sources, as well as substantial income from unrelated foreign sources. There is no dispute between the parties as to the amount of income properly allocable to the State of Arizona and therefore taxable by it, nor as to the amount of income derived by the taxpayer from other domestic and foreign sources.

Summarizing, while A.R.S. § 43–123, subsec. c allows a deduction for federal income taxes paid during the year, A.R.S. § 43–126, subsec. a5 excludes from this otherwise allowable deduction the amount of the federal income tax which is allocable to classes of income not taxable by Arizona. In the fact situation under consideration, this results in excluding from the Arizona deduction that portion of the federal tax which is allocable to Anderson Clayton's other domestic and unrelated foreign income. While unquestionably by their plain and unambiguous language the Arizona statutes require the above result, the statutes do not, nor do the rules and regulations adopted by the Commission, specify any particular formula to be applied in reaching this required result.

1. Insofar as here pertinent, A.R.S. § 43–123, subsec. c reads as follows:

"In computing net income there shall be allowed as a deduction taxes or licenses paid or accrued during the taxable year, except:" (Thereafter follow certain exceptions not directly pertinent to the question before the Court).

2. A.R.S. § 43–126, subsec. a5 reads as follows:

"(a) Personal and capital expenses and expenses allocable to exempt income. In computing net income no deduction shall in any case be allowed in respect of:

\*　　\*　　\*　　\*　　\*

"(5) Any amount otherwise allowable as a deduction which is allocable to one or more classes of income (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this title."

476

We have previously indicated that a substantial portion of Anderson Clayton's income during the years in question was unrelated income derived from foreign sources. Under applicable federal law, Anderson Clayton was entitled to, and received, a foreign tax credit relating to this foreign income as a deduction from its otherwise payable federal income tax liability, thereby decreasing the federal income taxes actually paid by it.

In making its deficiency assessments the Tax Commission took the position that the fact that Anderson Clayton had unrelated foreign income and a resulting foreign tax credit which reduced its federal income tax liability, had no bearing on the question of the proper allocation of the federal tax payment to the balance of Anderson Clayton's income for the purpose of computing the Arizona deduction.

The formula for computing the federal income tax deduction adopted by the Tax Commission and upon which the deficiency assessments were based is:

$$\frac{\text{Arizona Income}}{\text{Worldwide Income}} \times \frac{\text{Federal Tax}}{\text{Paid}} = \frac{\text{Federal Income}}{\text{Tax Deduction}}$$

On the other hand, Anderson Clayton contends that the Commission's approach does not allow it to deduct the proper portion of its federal income tax obligation which was incurred as a result of its Arizona income. It reasoned that because of the deduction of the foreign tax credit relating to the foreign source income, with the concomitant reduction in federal income tax paid, the remaining balance of federal income tax actually paid was properly allocable only to the balance of Anderson Clayton's income after deducting the foreign source income. In filing its Arizona income tax returns, Anderson Clayton's solution to this allocation problem was to apply a formula which it contends removes the alleged allocation distortion from the above set forth formula. To counterbalance the inclusion of foreign source income upon which the federal tax had been diminished or eliminated because of the deduction of the foreign tax credit, Anderson Clayton increased the federal tax paid by the amount of the foreign tax credit so as to show the undiminished federal tax obligation. This can be stated in formula fashion as follows:

$$\frac{\text{Arizona Income}}{\text{Worldwide Income (including foreign source income)}} \times \binom{\text{Federal tax paid plus foreign tax credit}}{} = \frac{\text{Federal Income}}{\text{Tax Deduction}}$$

In our opinion it is readily apparent that the application of the formula utilized by the Commission would generally bring about a result substantially in compliance with A.R.S. § 43–126, subsec. a5. However, as applied to the special facts here involved, it falls woefully short of this objective. It does not allow the taxpayer to take the full deduction contemplated by the statute, that is, a deduction from its gross Arizona income of that portion of the federal income tax paid which is allocable to its income taxable by Arizona.

We do not think that it can be realistically contended that the net amount of federal income tax actually paid by Anderson Clayton should be allocated between the *fully taxed* (federally speaking) Arizona income and the balance of its worldwide income, including the *essentially untaxed* (again, federally speaking) foreign source income. We say "essentially untaxed" because in a

very real sense this foreign source income has had a portion, if not all, of the federal income tax burden removed from it through application of the foreign tax credit. This is the very purpose of the federal tax credit allowed by the provisions of the Internal Revenue Code of 1954, §§ 901(b)(1) and 904. Domestic corporations with foreign income (such as Anderson Clayton) are permitted an election of receiving a tax credit against their federal income tax equal to the amount of taxes and related payments paid by such corporation to foreign countries for income earned in those countries. As discussed in 5 J. Mertens, The Law of Federal Income Taxation, § 33.01 (1969), the purpose of the foreign tax credit is to alleviate the evils of double taxation by arriving at a formula the result of which is, in effect, to tax only income earned in the United States:

"There has been much discussion of the evil of double taxation where each of two sovereignties imposes its levy upon income, one having jurisdiction over the person of the taxpayer and the other having jurisdiction over the income at its source. The resulting evil is in direct proportion to the rate of taxation imposed. The United States has for many years alleviated the injustice by allowing under the various Revenue Acts and under the Code certain deductions and credits for foreign taxes paid, and more recently has entered into income tax conventions and treaties with certain foreign countries to try to eliminate duplication of income taxation. The evils of double taxation would not, of course, exist where the income taxed abroad is exempt from Federal tax."

*See· also* Hubbard v. United States, 17 F.Supp. 93, 84 Ct.Cl. 205 (1936); Duke v. Commissioner, 34 T.C. 772 (1960).

Although there are cases construing state statutes with federal tax deductions similar

to that of Arizona, Phillips v. General Electric Supply Corp., 76 Ga.App. 299, 45 S.E.2d 682 (1947), aff'd 203 Ga. 596, 47 S.E.2d 813 (1948); Texas Company v. Neill, 83 Idaho 242, 361 P.2d 42 (1961); Trunkline Gas Co. v. Collector of Revenue, 182 So.2d 674 (La.1965), writ ref. 248 La. 1101, 184 So.2d 25 (1966), we have not found, nor have counsel cited, any decisions in which the court decided or even discussed the particular problem that is here involved.

We do not believe that the formula utilized by the Commission can lead to the allocation result intended by the legislature as long as the imbalance created by the foreign tax credit is allowed to continue uncorrected. The formula utilized by Anderson Clayton demonstrates one approach which might be followed by the Commission to substantially correct the imbalance. As Anderson Clayton points out in its brief, the approach utilized by it in filing its returns is not necessarily the exclusive method of achieving the statutorily required results. An alternative method urged by Anderson Clayton in the trial court and on this appeal would utilize the formula advanced by the Commission except that the denominator would include only "United States income" (related or unitary income in this fact situation), instead of "worldwide income" (the related or unitary income plus unrelated foreign source or situs income). Under this approach we would take Arizona income over United States income times the federal taxes actually paid. The result would be the allowable federal tax deduction. This is the formula previously suggested in an opinion rendered by the Arizona Attorney General,[3] and this approach would result in restoring balance to the Commission's formula in that the foreign source income would be removed entirely from the formula, thereby offsetting the deduction of the tax on that income which has been previously removed

3. Opinion dated October 7, 1968, authored by James D. Winter, Assistant Attorney General, who incidentally prepared the briefs and argued this matter for the Commission.

The October 7, 1968 opinion is inconsistent with the position adopted by the Commission on this appeal.

by the foreign tax credit. The application of this formula would result in a substantial refund to Anderson Clayton. Another suggestion made by Anderson Clayton is simply to apply the federal tax *rate* to the uncontested amount of income taxable by Arizona. In our opinion we need not consider these alternative suggestions except to state that they do appear to be more consistent with achieving the result required by the Arizona statutes than the formula proposed by the Commission. Of course our remarks in this regard are restricted to a fact situation analogous to that here involved.

The Commission contends that in the federal scheme the income is all thrown together, numerous deductions are made, and the net income to be taxed is not identified as income from any particular source; that all income of every nature contributes to the result and the tax is finally computed on that result. The argument continues that it is therefore entirely reasonable to assume, as the method here employed by the Commission does, that every dollar of income is burdened by the same amount of federal income tax.

There undoubtedly are instances where it is impossible to separate income for allocation purposes other than through the application of some artificial formula, but the Commission's contention is not applicable here where the income is *unrelated* foreign source income and the foreign tax credit is directly attributable to that identifiable income.

The final contention of the Commission is that the method utilized by Anderson Clayton constitutes a violation of A.R.S. § 43–123, subsec. c(1), which prohibits the deduction of income taxes imposed by authority of the government of any foreign country. While upon a superficial analysis this might appear to be true, and in fact has some appeal as a simplistic resolution of a difficult question, a more thorough study reveals the fallacy of this contention. Viewed closely, it is apparent that Anderson Clayton is not attempting to take a deduction for income taxes paid to a foreign government. The problem being attacked is that of determining the portion of the federal income tax actually paid which is allocable to Arizona taxed income. If the relationship between the federal tax paid and total income has been in some way affected by the presence of unrelated foreign source income with its resulting foreign tax credit, then the consideration of that influence in determining the portion of the federal tax actually paid which is allocable to Arizona income does not constitute the taking of a deduction for income taxes paid to a foreign government in violation of A.R.S. § 43–123, subsec. c(1). Our view of the intention of the statute is that it is directed to prohibiting any direct deduction of foreign income taxes from the Arizona income tax. The fact that such taxes are allowable as a credit in computing federal income taxes only indirectly affects the ultimate Arizona tax, and since it has been determined to allow a deduction for federal taxes allocable to Arizona income, the fact that the foreign tax credit is used indirectly in determining that allocation does not mean that the foreign taxes are being deducted from the Arizona tax within the meaning of the statute. If the taxpayer elected to take the foreign tax as a deduction from its federal income, rather than as a tax credit, this reasoning becomes even clearer.

We hold that the proposed deficiency assessments involved in this appeal were erroneously imposed by the Commission. Inasmuch as other deficiency matters not pertinent to the issues raised on appeal were involved in the trial court, the judgment cannot be reversed with directions for the entry of judgment for the taxpayer. Therefore the trial court's judgment is vacated, and the matter remanded with directions for the entry of a new judgment consistent with this opinion.

DONOFRIO, P. J., and OGG, J., concur.