694 P.2d 321

**MOTOROLA, INC., a corporation, Plaintiff-Appellant,**

v.

**ARIZONA DEPARTMENT OF REVENUE, Defendant-Appellee.**

**No. 1 CA–CIV 6717.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 27, 1984.

**492**

Evans, Kitchel & Jenckes, P.C. by Leslie T. Jones, Jr. and Daniel J. Lathrope, Phoenix, for plaintiff-appellant.

Robert K. Corbin, Atty. Gen. by Gail H. Boyd and Frank L. Migray, Asst. Attys. Gen., Phoenix, for defendant-appellee.

## OPINION

MEYERSON, Judge.

In this appeal appellant Motorola, Inc. challenges the method by which appellee Arizona Department of Revenue calculated the amount of federal income tax which Motorola was permitted to deduct on its Arizona state income tax returns for 1969–71. For the reasons stated herein, we affirm the trial court's judgment that the Department of Revenue correctly calculated Motorola's allocable share of federal income tax as reported in a consolidated return.

## I. FACTS

During the tax years 1969 through 1971, Motorola and its related corporations filed a consolidated federal income tax return and paid federal income tax based upon their consolidated federal net income. The consolidated group included corporations which incurred net profits and corporations which incurred net losses. Motorola, however, filed a separate Arizona corporate income tax return for each of the years in question.

The predecessor agency to the Department of Revenue, the Arizona State Tax Commission, determined that Motorola had taken an excessive deduction for federal taxes on its state return and assessed a tax deficiency against it. The deficiency was upheld by the State Board of Tax Appeals and Motorola challenged the Board's determination by filing an action in superior court. Motorola filed an independent action also challenging the assessment. The actions were consolidated. Motorola appeals from the summary judgment assessing it $150,784 in back taxes.

## II. COMPUTATION METHODS

The controversy in this case stems from a disagreement over the proper method of calculating the "net income" of the consolidated group, for the purpose of determining Motorola's allocable share of federal income taxes. Motorola contends that the correct "net income" of the consolidated group is the net gains of the profitable companies *minus* the net losses of the unprofitable companies. The Department of Revenue argues that Motorola's formula will result in a total allocation of federal taxes for state tax deduction purposes which is greater than the actual federal income tax paid in the consolidated return. The net income of the consolidated group under the Department of Revenue's formula includes only the total net gains of the profitable companies, without deduction of losses incurred by unprofitable related corporations. The use of the larger "net income" figure by the Department of Revenue will reduce the amount of the deduction for federal taxes which Motorola can take on its Arizona state income tax return and thereby increase the amount of state taxes which it pays.

The issue in this case is best understood through comparison of the competing formulas:

**Motorola's formula:**

$$\frac{\text{Motorola's Arizona income}}{\text{Total income of all related companies (after deductions for loss companies)}} \times \begin{array}{c}\text{Consolidated}\\ \text{federal income}\\ \text{tax}\end{array} = \begin{array}{c}\text{Motorola's share of}\\ \text{federal income tax}\\ \text{deductible from its}\\ \text{Arizona income}\end{array}$$

**Department of Revenue's formula:**

$$\frac{\text{Motorola's Arizona income}}{\text{Total income of all related companies showing gains (without deductions for loss companies)}} \times \begin{array}{c}\text{Consolidated}\\ \text{federal income}\\ \text{tax}\end{array} = \begin{array}{c}\text{Motorola's share of}\\ \text{federal income tax}\\ \text{deductible from its}\\ \text{Arizona income}\end{array}$$

Because some of the related companies incurred losses, the effect of using Motorola's formula is to increase the portion of the consolidated federal tax which would be allocated to it. Conversely, the Department of Revenue's formula increases the denominator in the fraction above, thereby decreasing Motorola's allocated federal tax deduction. The dispute between the parties centers on which method is more consistent with Arizona law.

## III. LAW

During the years in question, Motorola was authorized to deduct "taxes ... paid or accrued during the taxable year" in computing its net income for state tax purposes. A.R.S. § 43–123(C) (current version at A.R.S. §§ 43–1022(11), –1122(1) (Supp. 1984)). Although the legislature recognized that in some cases it might be necessary to allocate deductions between or among taxpayers, during the years in question the allocation method was left up to the Arizona State Tax Commission (now the Arizona Department of Revenue). A.R.S. § 43–135(f)(2)(B) (current version at A.R.S. § 43–942). It is clear, however, that "only an amount proportionate to the federal income taxes actually paid by the parent is deductible." *Arizona Dept. of Reve-*

nue v. *Transamerica Title Ins. Co.,* 124 Ariz. 417, 421, 604 P.2d 1128, 1132 (1979).[1]

Because of the differences in the various states' income tax procedures, it is probably impossible to determine whether the exact amount of federal taxes appearing in the consolidated return is claimed proportionately by related companies throughout the United States. It is possible, however, to implement a formula which, in theory, would achieve that result. We believe that the Department of Revenue's so-called "net-to-net" method[2] is "more consistent with achieving the result required by the Arizona statutes," *Anderson, Clayton & Co. v. DeWitt,* 20 Ariz.App. 474, 478, 513 P.2d 1357, 1361 (1973), than is the formula proffered by Motorola.

The Department of Revenue contends that Motorola's method would result in a total allocation of federal taxes which is greater than the actual federal income tax paid. The Department of Revenue's goal in applying the "net-to-net" method is to divide the consolidated federal tax liability of the group among the profitable members of the group because it is their income that gives rise to the federal tax liability. For example, assume three related companies: Motorola, net income $100 million; Company A, net income $100 million; and Company B, net loss $100 million. Assume further that on consolidated net income of $100 million ($100 million + $100 million − $100 million), the consolidated federal tax paid is $30 million. Motorola's formula would produce the following result:

$$\frac{\$100 \text{ million}}{\$100 \text{ million}} \text{ (net income including loss company)} \times \$30 \text{ million} = \$30 \text{ million}$$

Under this hypothetical example, Motorola would be entitled to claim as a deduction from its state income tax 100% of the consolidated group's federal taxes where clearly a portion of that tax should be allocated to Company A.

---

1. Other jurisdictions have adopted a similar rule. *E.g., Standard Oil Co. v. Alabama,* 55 Ala.App. 103, 313 So.2d 532 (1975); *Armco Steel Corp. v. State Tax Comm'n,* 580 S.W.2d 242 (Mo.1979).

2. The Department of Revenue describes its allocation procedure as the "net-to-net" method. The record does not disclose, however, how the nomenclature "net-to-net" is descriptive of this allocation formula.

**494**

The Department of Revenue's formula would produce the following result:

$$\frac{\$100\ \text{million}}{\$200\ \text{million (net income of gain companies only)}} \times \$30\ \text{million} = \$15\ \text{million}$$

The Department of Revenue's formula allocates to Motorola 50% of the federal taxes paid by the consolidated group which is identical to Motorola's contribution to the group's income.

Thus, using the Department's formula, 100% of the consolidated federal tax liability is allocated among the profitable corporations of the consolidated group—the sum of the numerators (net income of each gain company) equals the denominator (the consolidated net income of the gain companies without regard to losses of the unprofitable companies). Using Motorola's formula, more than 100% of the consolidated federal tax liability is allocated because the sum of the numerators exceeds the denominator. If losses of the related companies were taken into account as Motorola suggests, then it would obtain the benefit of those losses despite the fact that its efforts in Arizona were profitable. We are persuaded that the Department of Revenue's formula fully allocates to Motorola the federal tax deduction allowable under the statute, without providing for an over-allocation, and that Motorola has not met its burden of overcoming the presumption of correctness of the Department of Revenue's deficiency assessment. *Arizona State Tax Comm'n v. Kieckhefer*, 67 Ariz. 102, 105, 191 P.2d 729, 731 (1948).

Finally, we note that A.C.R.R. R15–2–1043(E) now governs the computation of a corporation's allocable share of the consolidated group's federal tax liability. The method of computation set forth in this rule is exactly that which the Department of Revenue has employed here. The existence of this rule, although not determinative, encourages us to approve the Department of Revenue's use of the "net-to-net" method for the period involved here. *Miami Copper Co. v. State Tax Comm'n*, 121 Ariz. 150, 153, 589 P.2d 24, 27 (App.1978), *cert. denied*, 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979) (administrative agency construction of statute is entitled to weight).

We conclude that the Department of Revenue properly determined the allowable federal tax deduction using the "net-to-net" method, and that the deficiency assessed against Motorola for the years 1969 through 1971 is correct.

Affirmed.

CORCORAN, P.J., and CONTRERAS, J., concur.